## YOUNG v. CORDER.

### November 11, 1837.

*Rule to show cause of action, and why defendant should not be discharged on common bail.*

An affidavit to hold to bail that defendant is indebted to the plaintiff (stating in what respect) " to the best of deponent's knowledge and belief," is defective, and defendant will be discharged on common bail.

THIS was a *capias ad respondendum,* and this application was founded on an alleged defectiveness of the following affidavit, which was duly filed: "Samuel P. Williams, agent for the plaintiff above named, being duly sworn, doth say, that the defendants above mentioned are justly and truly indebted to the plaintiff in the sum of $614 29 cents and interest, being the amount of a promissory note given by defendants to the plaintiff for goods sold and delivered by the plaintiff to the defendant, said note bearing date the 17th of August, 1836, payable at six months after date, *and which still remains due and unpaid to the best of deponent's knowledge and belief.*

*Williams,* for plaintiff.
*F. W. Hubbell,* for defendant.

PER CURIAM.—The affidavit in Bland *v.* Drake, 18 *E. C. L. R.* 58, bears a very close resemblance to the present affidavit. The alleged defect there and here may be regarded as precisely similar. We think that decision was correct, and accordingly direct this rule to be discharged.

Rule discharged.[a]

[a] *Vide* Comly *v.* Goldsmith; McCanles *v.* Frederickson; Benedict *v.* Whartenby and Kelly *v.* Kintzing, in this volume, and the index.