## THE PEOPLE ex rel. CHURCH v. HESTER.

The supervisors of a county are a *quasi* political corporation, and as such the District Courts of this State, by virtue of their general jurisdiction as superior courts, have a supervisory power and control over their proceedings, to the exercise of which appellate power is not necessary.

This may be done by mandamus, prohibition or injunction; but their proceedings cannot be reviewed by *certiorari*.

The use of the writ of *certiorari* is confined by our statute to inferior Courts, and bodies exercising judicial functions.

The supervisors, not being judicial officers, nor charged with judicial functions, it results that the writ cannot be properly directed to them.

APPLICATION for a writ of mandamus, directed to the Judge of the District Court of the Third Judicial District, County of Alameda, commanding him to issue a writ of *certiorari* to the board of supervisors of Alameda County.

The record shows that the writ of *certiorari* had been denied by the District Judge, and that it was prayed for to review the action of the board of supervisors in levying a tax of twenty-five cents on every hundred dollars of assessed property in the county, for a building or court-house fund, had on August 4th, 1856; which tax was alleged in the petition to have been laid without authority of law.

*J. H. McKune* for Petitioner.

The board of supervisors of the county of Alameda have levied certain taxes, alleged to be illegal. Application was made to the District Court of that county for a *certiorari* to remove the proceeding from the board, and to adjudge the same illegal.

This writ, in such cases, has often been allowed, and this Court has recognized the proceeding as valid, *in re* Geo. M. Hanson, 2 Cal., 262; Wilson *v.* The Board of Supervisors of the County of Sacramento, 3 Cal., 386.

The judge refused to issue the writ or to review the proceeding, because it would be the exercise of appellate power, and, as such, under the decision of this Court, in The People *v.* Peralta, 3 Cal., 379, and Caulfield *v.* Hudson, 3 Cal., 389, cannot be entertained. Now, I take it, there is no other plain, speedy or adequate remedy than the one we now seek. There is no appeal from an order refusing the writ, (Practice Act, § 336,) and within the four hundred and sixty-eighth section of the same Act, there is no other remedy. The application made to the District Court is not an appeal, any more than is an application for a *quo warranto* or *habeas corpus.*

In this application I suppose there will be no necessity to examine the merits of the questions involved. This will be done on an appeal, if either party shall be dissatisfied with the decision of the District Judge.

Mr. Chief Justice MURRAY delivered the opinion of the Court. Mr. Justice HEYDENFELDT concurred.

This was an application for a *mandamus*, to compel the judge of the Court below to issue a *certiorari* to review the proceedings of the supervisors of Alameda county, in assessing a tax alleged to be illegal.

We are not satisfied that the remedy sought from this Court is proper; as the District Court entertained the application, but refused to award the *certiorari*, on the ground that it had no jurisdiction. Under such circumstances, the party should have appealed.

Waiving this point, however, we are of opinion that the District Court had no jurisdiction to issue the writ. The writ of *certiorari*, by our statute, is denominated the "writ of review," and may be issued by any Court of this State, except a justice's, recorder's or mayor's Court. The writ shall be granted in all cases where any inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal; or, in the judgment of the Court, "other plain, speedy and adequate remedy."

At common law, the province of this writ was more ample than under our statute—not being confined to mere questions of jurisdiction; but its use, so far as I have been able to ascertain, was confined, as by our own statute, to inferior Courts and bodies exercising judicial functions. Now the supervisors, not being judicial officers, or charged with the

exercise of judicial duties, it results that the writ cannot be directed properly to them.

The supervisors are a *quasi* political corporation, and, as such, the District Courts of this State, by virtue of their general jurisdiction as superior Courts, corresponding to the superior Courts of Westminster, have a supervisory power and control over their proceedings, to the exercise of which appellate power is not absolutely necessary. This may be done by *mandamus*, prohibition or injunction; but their proceedings cannot be reviewed by *certiorari*.

In this connection it may be remarked, that the cases relied on by the petitioner were decided before the case of Caulfield *v.* Hudson, and therefore have no application.

Petition denied.