## THE PEOPLE v. JOHN WOODS.

EXAMINATION OF TRIAL JURORS.—In an examination of trial jurors as to their competency, in a criminal case, the defendant is not restricted to the inquiry whether the juror can try the case and render a verdict under the law as declared

by the Court, and upon the evidence adduced, without regard to any previously formed opinion.

COMPETENCY OF JUROR.—The competency of a juror must be determined by the Court, and not by the juror.

APPEAL from the District Court, Eighth Judicial District, Humboldt County.

The defendant was indicted for murder, and was convicted of murder in the first degree and sentenced. The defendant appealed.

The other facts are stated in the opinion of the Court.

*Robinson & Dunlap,* for Appellant.

*J. G. McCullough, Attorney-General,* for the People.

By the Court, SANDERSON, J.

It appears from the record in this case that as counsel for the defendant was about to commence the examination of persons called as jurors, touching their competency, the presiding Judge, of his own motion, ruled that the examination should be confined to the question : " Whether a juror could or could not try the case and render a verdict under the law as declared by the Court and upon the evidence adduced upon the trial, without regard to any previously formed opinions ;" to which ruling the counsel excepted.

The subsequent proceedings show that this rule was practically applied and uniformly adhered to as a test of competency during the whole time the jury was being impanelled. Under its operation no less than five persons, who stated in decided terms that they had either formed or expressed an unqualified opinion as to the guilt or innocence of the defendant, were adjudged competent jurors, upon their giving an affirmative answer to the stereotyped question of the Court. Under its operation the pertinent questions of counsel and the answers thereto clearly showing legal incompetency on the part of some of the jurors were entirely ignored and disregarded, and the question suggested by the Court was made the sole test of

competency; as if, instead of being contrary to every known legal principle, it embodied all the rules of law bearing upon the question under investigation. Under its operation each juror was made the judge of his own competency, instead of the Court; and his own opinion as to his fitness, instead of the law of the land, was made the rule of decision. The law does not subject the liberty and life of the citizen to the hazard of such a rule. If it did, the right of trial by jury would become of very doubtful value.

Judgment reversed and new trial ordered.