## HELLMAN ET AL. vs. FOWLER ET AL.

The statute (*Gould's Dig., ch.* 17, *sec.* 3,) provides that the affidavit in a proceeding by attachment shall be positive: an affidavit, therefore, that the affiant *verily believes* that the defendant is about to remove, etc., is insufficient.

On sustaining a plea in abatement of the writ and declaration in a proceeding by attachment, for insufficiency of the affidavit, the proper judgment is to abate the suit.

*Error to Pulaski Circuit Court.*

Hon. LIBERTY BARTLETT, Circuit Judge.

YONLEY, FARRELLY & KNIGHT, for the plaintiff.

The objection to the affidavit that it was made on the *belief* of the affiant, is settled by the case of *Heard & Co. vs. Lowry*, 5 *Ark.*, 524–525. All that the statute requires in the affidavit is that the defendant is *about* to remove his goods, etc., not that they *are being removed.* The intention of the defendant to remove is sufficient for the issuance of the writ, and that intention, until the removal is commenced, cannot be absolutely and positively known—is a matter of belief only; and as the law gives a remedy that may be initiated before the goods are being removed, it is clear that the belief that they are about to be removed was all that the statute intended.

There are so many differences in the statutes of the different states that the decisions under them can go no further than to furnish certain general rules; and on a contested point the reason of the rule and the grounds of the decision thereon must be wholly drawn from the statutes under which they originated ; for instance : in *ex parte Haynes*, 18 *Wend.*, 611, the affidavit that the witnesses " are informed and believe" is held insufficient; but the statute requires that " the facts and circumstances to establish the ground of the application" shall be proved.

The defendant having given bond to appear and answer the plaintiffs' demand, etc., was not in position to take any advantage of the alleged insufficiency of the affidavit until he had appeared and pleaded to the action. *Gould's Dig., ch.* 17, *sec.* 29; *Didier vs. Galloway*, 3 *Ark.*, 501; *Delano vs. Kennedy*, 5 *Ark.*, 457; *Heard & Co. vs. Lowry*, *ib.*, 522.

The plea in this case was bad because it prayed judgment of the writ and declaration, while it was entirely silent as to any prayer in respect to the affidavit—it pointed out defects in the affidavit, none in the writ and declaration. The demurrer should have been sustained. *Haywood's ex'r. vs. Chestney*, 13 *Wend.*, 495. When the bond was given, the suit ceased to be a proceeding *in rem*; and the giving of the bond was the same as an appearance, 2 *Gillm.* 468; 6 *How. Miss. Rep.*, 193, and appearance cures all irregularity of process; 1 *Curtis S. C.*

*Rep.*, 649; 3 *Ala.*, 43; 3 *Misso.*, 409; 1 *Pet.*, 315; *Watkin's Amer. Law*, 507.

RICE, for the appellees.

The affidavit should have been positive—qualifying the statements therein with " as I verily believe," rendered it bad. The statement in *Heard & Co. vs. Lowry*, 5 *Ark.*, 524, as to the point involved, is a mere *dictum*, and should have no force with this court.

This matter has been fully adjudicated in New York. See *ex parte Haynes*, 18 *Wend.*, 611; *Matter of Faukner*, 4 *Hill*, 598; *Matter of Bliss*, 7 *Hill*, 187; 6 *Hill*, 228; 6 *Wend.*, 553; 5 *Hill*, 608. See also, 1 *Brown (Pa.) Rep.*, 33; 1 *McLean C. C. R.*, 471; 1 *McCord*, 292; 23 *Ill.*, 340.

When the statute requires a fact to be sworn to in direct terms, it is not complied with by the party swearing that he is informed and believes the fact to exist. *Drake on Attachments*, sec. 108; *Dupree vs. Eisenach*, 9 *Geo.*, 598; *Caldwell vs. Colgatt*, 7 *Barb.*, 253.

If the affidavit was insufficient the judgment upon the plea was clearly correct, 9 *Ark.*, 159; 17 *Ark.*, 284.

Mr. Justice COMPTON delivered the opinion of the court.

This was a proceeding by attachment in the Pulaski circuit court. The declaration was filed in assumpsit, and the affidavit, on behalf of the plaintiffs, was as follows:

"STATE OF ARKANSAS,     &#125;
      COUNTY OF PULASKI,

I, Myer Harris, do solemnly swear that the defendants in the declaration hereto annexed, are justly indebted to the firm of J. & L. M. Hellman, plaintiffs in said declaration, in the sum of two thousand six hundred and five dollars and sixty-six cents; and that the said defendants, as I verily believe, are about to conceal and remove their goods and effects out of this state.

MYER HARRIS."

" Subscribed and sworn to before me this 23d day of December, A. D., 1865.     JOHN W. JAY, Cl'k.,

By THOMAS H. WALKER, D. C.

At the return term the defendants appeared and pleaded in abatement.. The plea is in substance, as follows:

And the said defendants pray judgment of said writ and declaration, because they say that no affidavit as the law requires, was filed in said action before the said writ of attachment issued —the affidavit filed being insufficient in this, that the allegations thereof are made upon belief merely, and not from any knowledge of the affiant, and are not positive: and this they are ready to verify, wherefore they pray judgment of said writ and declaration and that they be quashed, etc.

· To this plea there was a demurrer, which was overruled, the plea sustained and judgment rendered that the suit abate and that the defendants recover their costs, etc.

Our statute (*Gould's Dig.*, *chap.* 17, *sec.* 3,) provides that " the creditor shall, at the time of filing the declaration of his claim, also file an affidavit, of himself or some other person for him, stating that the defendant in the declaration or statement mentioned, is justly indebted to such plaintiff in a sum exceeding one hundred dollars, the amount of which demand shall be stated in such affidavit, and also that the defendant is not a resident of this state, or that he is about to remove out of this state, or that he is about to remove his goods and effects out of this state, or that he so secretes himself that the ordinary process of law cannot be served on him." And it is insisted for the plaintiff in error that, under the provisions of this statute, the affidavit in the case before us was sufficient, and we are referred to *Heard & Co.* *vs. Lowry*, 5 *Ark.*, 522, as conclusive of the question. In that case, SEBASTIAN, J., remarking upon the affidavit, said: " Moreover, the affidavit was in substantial compliance with the statute. It stated the sum due and that the defendant, *as he verily believed*, was about removing beyond the state. Had the plaintiff stated it positively, as the statute seems to require, it would have been only a matter of belief, the result of a strong moral conviction from circumstances tending to prove that intention." But it may be observed that no question, as to the sufficiency of the affidavit,

was raised in the argument, or adjudicated by the court, in that case, and that consequently, the remarks above quoted may be regarded as *dictum*, and the question still an open one.

There has been much discussion, both in the English and American courts, as to what shall be considered sufficient evidence to warrant, on an *ex parte* application, the issuance of extraordinary process in proceedings analagous, in many respects, to that now under consideration. Thus, Mr. Justice DANIEL, in his work on Chancery Practice, (*vol.* 3, *p.* 1939,) treating of *ne exeat*, says: "It is also required that the affidavit, on which the application for the writ of *ne exeat regno* is founded, should show that the defendant intends going abroad. It seems, formerly, to have been thought that the affidavit was, in this respect, sufficient, if it merely stated a belief of the defendent's intention to quit the kingdom, without going into circumstances upon which that belief was founded: But this rule has been very properly qualified by later decisions, and it is now held that the affidavit to obtain this writ must be positive as to the defendant's intention to go abroad, or to his threats or declarations to that effect, or to facts evincing it," citing *Oldham vs. Oldham,* 7, *Ves.* 410 ; *Etches vs. Lance,* 7 *Ves.* 417 ; *Amsink vs. Barklay,* 8 *Ves.* 597; *Hannay vs. McIntire,* 11 *Ves.* 54 ; *Jones vs. Alphesin,* 16 *Ves.* 470; *Taylor vs. Leitch,* 1 *Dick.,* 380 ; *Shearman vs. Shearman,* 3 *Bro. C. C.* 370. And Lord Elden said he would never grant an injunction against waste, on an affidavit of belief that the defendant was going to cut timber, or that the complainant was credibly informed the defendant intended to commit waste. *Etches vs. Lance, Hannay vs. McIntire, supra.* So in proceedings to hold to bail, the affidavit must be positive, and not on belief merely. *Towers vs. Kingston,* 1 *P. A. Brownes' Rep.,* 33; *Young vs. Corder,* 2 *Miles* 155 ; *Nelson & Graydon vs. Cutter & Tyrrell,* 3 *McLean's Cir. Rep.,* 326 ; *Satterlee vs. Lynch,* 6 *Hill* ; *Wright et. al., vs. Coggswell,* 1 *McLean's C. Rep.,* 471. And in *Sydner vs. Tatman,* 6 *Texas* 189, where, in a proceeding by attachment under the Texas statute, the affiant stated that he had good rea-

son to believe, and did verily believe that the defendants were about to remove their property beyond the state, the affidavit was held insufficient. The court said: "It has been often declared that process by attachment is liable to produce so much oppression and injury, that a rigid conformity with the law authorizing its issuance will be exacted. And no portion of the statute requires this rule to be more strictly adhered to, than in the affidavit to be made by the plaintiff, as one of the conditions on which the attachment is allowed. If the belief of the plaintiff without facts on which such belief can be reasonably based, should be held a sufficient compliance with the requisitions of the statute, that "the plaintiff shall make an affidavit in writing that he, the defendant, is about to remove his property beyond the state," one of the best assurances against the abuse of the process would be rendered inoperative and entirely useless; because the legal responsibility of the affiant, to a prosecution for perjury, would be, in most cases, destroyed. The language of the statute admits of no equivocation or evasion. A distinct fact must be sworn to by the person who seeks the use of the process of attachment. An evasive affidavit of the party, as to his having good reasons for his belief, which reasons are confined to his own secret keeping, is not a compliance with the statute." It will be perceived, from the language employed by the court, that the provision of the Texas statute, upon which the proceedings in that case were based, is precisely the same as that contained in ours, and on which the affidavit in the case before us, was founded. In the supreme court of Illinois it has been repeatedly decided, that an affidavit for a writ of attachment must allege the requirements of the statute positively, and not on the information and belief of the attaching creditor, or his agent. See *Dyer vs. Flint*, 21 *Ill.*, 80; and *Archer et al. vs. Claflin et al.* 31 *Ill.* 306. In the latter case Mr. Justice BREESE said the affidavit "was defective in failing to aver, in positive terms, the design to depart the state with the intention of taking their property out of the state to the injury of their creditors, in the terms of the statute. These positive

averments seem to be made necessary by the statute, and affidavits ought, and usually do, contain them," citing *White vs. Wilson*, 5 *Gilm.*, 21; and *Walker vs. Welch*, 13 *Ill.*, 674. To the same effect are the decisions in *Denfre vs. Eisenach*, 9 *Geo.*, 598, and in *Clements vs. Casseby et al.*, 2 *Ann. La. Rep.*, 567. And Mr. Drake, in his work on Attachments (*2nd Edition Revised, sec.* 108,) lays down the rule to be, that where the statute requires a fact to be sworn to in direct terms, it is not complied with by the party swearing that he is informed and believes the fact to exist.

Under the statute of the territory of Arkansas, the affidavit of the attaching creditor was sufficient if made upon belief, (*Hughes vs. Martin*, 1 *Ark.*, 386:) but after Arkansas was admitted into the union, the legislature, in enacting our present attachment law, omitted the words, "verily believes" contained in the territorial enactment; and it is reasonable to suppose that something was intended by this omission. The statute, as it now is, requires the affidavit to be positive, and in view of the authorities to which we have referred, and of the great abuses likely to grow out of a less rigid construction, we do not feel authorized to sanction a departure from its requirements. Indeed it is not easy to perceive how the affidavit in this case can be regarded as evidence for any purpose. It cannot be so treated by force of the statute, because not in compliance with it; and it merely states the belief of the affiant without disclosing the grounds of that belief. Suppose the affiant had been called into court as a witness to prove the fact that the defendants intended to remove their property beyond the state, and on being interrogated, he had answered that he believed they so intended, without stating any facts or circumstances upon which his belief was founded, would such a statement have been received as evidence? We find no difficulty in reaching the conclusion that the affidavit was insufficient.

In rendering judgment that the suit abate, and for costs, the court below did not err. The plea in abatement was verified by affidavit, was pleaded in apt time, and went to the entire pro-

17

ceeding, and not to so much of it only as was a proceeding *in rem*.   *Edmondson vs. Carroll*, 17 *Ark.*, 284; *Childress vs. Fowler*, 4 *Eng.*, 159.

Finding no error in the record, the judgment must be affirmed with costs.