THE STATE OF NEVADA ex rel. H. S. MASON, v. THE BOARD OF COUNTY COMMISSIONERS OF ORMSBY COUNTY.

POWER OF COUNTY COMMISSIONERS OVER SUPPLEMENTAL ASSESSMENTS.    Under the act of 1867, (Stats. 1867, 111) the board of county commissioners are empowered to modify, equalize or discharge any supplemental assessments therein provided for, upon proper application of the party in interest.

CONSTRUCTION OF STATUTE RELATING TO SUPPLEMENTAL ASSESSMENTS.    The language of the act of 1867, providing for supplemental assessments, (Stats. 1867, 111) does not limit the power of the board of county commissioners in reference to the modifying, equalizing or discharging of supplemental assessments; but is evidently intended to enlarge it in distinction to the restrictions imposed on the commissioners sitting as a board of equalization under the general revenue law.

SESSIONS AND TIME FOR EQUALIZING OR DISCHARGING SUPPLEMENTAL ASSESSMENTS.    Under the statute relating to supplemental assessments, (Stats. 1867, 111) action may be taken by the board of county commissioners to modify, equalize or discharge such assessments, irrespective of the particular character of session of the board; nor is there any limitation imposed by the statute as to the time of application.

DISCHARGE OF SUPPLEMENTAL ASSESSMENT BY COUNTY COMMISSIONERS NOT UNCONSTITUTIONAL.    The exercise of the functions of the board of county commissioners in the discharge of a supplemental assessment under the statute providing therefor (Stats. 1867, 111) is not obnoxious to the constitutional division of powers.    (Const. Art. III.)

POWERS OF COUNTY COMMISSIONERS.    The duties of county commissioners are various and manifold; sometimes judicial, and at others legislative and executive; in matters relating to the police and fiscal regulations of counties, they are such as may be enjoined by law, without any nice examination into the character of the powers conferred.

INTERPRETATION OF SECTION 26, ARTICLE IV, OF CONSTITUTION.    The constitutional provision relating to county commissioners seems to have been adopted from California; and it may be lawfully presumed to have been taken with the judicial interpretation attached to it in that state.

DISCHARGE OF SUPPLEMENTAL ASSESSMENT AFTER REFUSAL TO EQUALIZE. Where an application was made to the board of county commissioners to equalize a supplemental assessment under the act of 1867, (Stats. 1867, 111) which was denied ; and afterward an application was made to discharge the same assessment :   *Held,* that the board had not exhausted its power in reference to the assessment by its action on the application to equalize.

DISTINCTION BETWEEN "EQUALIZING" AND "DISCHARGING" AN ASSESSMENT. The discharge of a supplemental assessment under the act of 1867, (Stats. 1867, 111) is entirely different from an equalization of the same.

CERTIORARI—WEIGHT OF EVIDENCE NOT SUBJECT TO REVIEW. Where on certiorari from an order of county commissioners discharging a supplemental assessment, the record showed that the commissioners acted within their jurisdiction; and it was objected that the evidence was in conflict with the order :   *Held,* that the question as to how they acted was not a subject of review on certiorari.

THIS was an original proceeding, on certiorari, in the Supreme Court. The affidavit set forth, among other things, that the county treasurer and ex-officio tax receiver of Ormsby County, in 1869, assessed the property of the Virginia and Truckee Railroad Company at $161,000, under the provisions of the act of March 12th, 1867, (Stats. 1867, 111) ; that on January 11th, 1870, the company made an application to have the assessment equalized ; that such application was denied ; that on January 25th, 1870, a second application for equalization was made, upon which application the commissioners of their own motion struck out and remitted the entire assessment ; that a writ of certiorari was issued by the Supreme Court to review such action of the commissioners, which upon review in the Supreme Court was reversed, [see *State ex rel. Swift* v. *Ormsby County Commissioners,* 6 Nev. 95] ; that afterward, on July 7th, 1870, the company made an application to discharge the assessment ; and in response thereto the board of commissioners made an order discharging the same. It was to review the proceedings on the application for discharge that this writ was issued.

*L. A. Buckner,* Attorney-General, and *Clark & Lyon,* for Relator :

I. The commissioners had no jurisdiction to " equalize, modify or discharge the tax except at a general or special session," and not

26

then unless within thirty days from the assessment. Stats. 1867, 111, Secs. 1 and 2.

II. The commissioners have no constitutional power to discharge a tax. This is purely a judicial question, with which the courts, not the commissioners, must deal. Const. Art. VI, Secs. 1 and 6 ; Cooley's Com. Law, 91 and 92 ; 33 Cal. 279.

III. The record fails to disclose the general facts conferring jurisdiction. There was no general or special meeting of the board to hear the complaint, such as is contemplated by law.

IV. The commissioners having once heard the complaint of the railroad company, and having finally acted thereon, exhausted their jurisdiction in the premises. *People* v. *Supervisors of Schenectady County*, 35 Barb. 408.

V. The evidence in the case is in direct conflict with the order of the board.

*Mesick & Wood*, for Defendants :

I. The commissioners had jurisdiction to discharge the assessment. The same statute which imposed the assessment conferred upon them authority to equalize, modify or discharge such assessment. Hence it may be said that the legislature authorized the assessment to be made only upon the condition that it might be so equalized, modified or discharged. It was as competent for the legislature to make this condition as to provide for the assessment at all ; and it was likewise as competent for it to delegate the power of equalizing, modifying or discharging the assessment when made, as to exercise it itself.

II. The commissioners were invested with jurisdiction to enter upon the hearing of the matter of the petition, unless by reason of prior action the board had become *functus officio* in respect to this matter, or their jurisdiction was barred by lapse of time. Their jurisdiction was not barred by lapse of time so long as the matter stood as a mere assessment. No limitation is expressed in the act. Limitations are expressed in the general revenue law in respect of the period of jurisdiction of the board of equalization over other as-

sessments.   Hence, a different legislative intent in this case.   To infer a limitation where none is expressed would be a violation of plain rules of construction, and lead to the accomplishment of the very injustice which the legislature, from the terms of the act, plainly intended to prevent.

As to any prior action of the board, there are two sufficient answers : one, that there is no sufficient evidence of any such prior action ; the other, that the former action, if entitled to be considered, was not an application to discharge, but only to equalize.   Discharging an assessment and equalizing an assessment are manifestly different and distinct acts.

III.  The assessment complained of was subject matter for the jurisdiction of the board ; but the quantity or quality of the means used to persuade their mind were not jurisdictional matters, and, therefore, they are not the subject of review here.   On the testimony taken, they found that the property assessed was not property which the assessor has neglected or omitted from any cause to make an assessment of, nor property which had come into the county since the closing of the assessment roll.   Whether these conclusions were correct or otherwise is not a question of jurisdiction at all, and cannot be, and therefore is not a question for review on certiorari. For aught that appears then, the board kept within the line of their jurisdiction, and, in discharging the assessment, made a valid order, which should be affirmed.

By the Court, WHITMAN, J. :

The Act of 1867, Stats. 1867, p. 111, providing for supplemental assessments, has been before considered.   *Virginia and Truckee R. R. Co.* v. *Ormsby County Commissioners,* 5 Nev. 341 ; *The State of Nevada ex rel. Swift* v. *Ormsby County Commissioners,* 6 Nev. 95.   From these cases it follows that the board of county commissioners was under that act empowered to modify, equalize or discharge any such assessment upon proper application of the party in interest.

Such application has been made in this case, and the assessment against the Virginia and Truckee Railroad Company discharged,

which action plaintiff seeks to review and reverse on a writ of certiorari: contending, first, that such action could only properly be had at general or special session, and not then unless within thirty days from the assessment; that there is no showing as to the session, and that more than thirty days after assessment had elapsed before application made.

The language of the act does not limit the power of the board; but is evidently intended to enlarge it in distinction to the restrictions imposed on the commissioners sitting as a board of equalization under the general revenue law.  It is said that upon application for relief, "the board of commissioners shall hold a general or special session, to hear and fully determine the matter.  Stats. 1867, 111, Sec. 1.  That is, action may be taken irrespective of the particular character of session.  The record brought up shows that the board was in formal session when acting on the petition of the Virginia and Truckee Railroad Company, and that is sufficient.  There is no limitation imposed by the statute as to the time of application for discharge; none should be inferred.

It is next objected that the discharge of a tax is a judicial act, and as such, beyond the powers of the board of commissioners.  The plaintiff would have no right to this writ unless the board had such powers, because it is only granted "when an inferior tribunal, board or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board or officer."  Stats. 1869, 263, Sec. 436.  But the exercise of such functions is not, as plaintiff supposes, obnoxious to the constitutional division of powers.  In 1857, the Supreme Court of California said, reversing the opinion in People v. Hester, 6 Cal. 679, which held that the writ of certiorari would not lie to review the action of county supervisors: " The error in the case of the People v. Hester, consisted in overlooking the fifth section of the ninth article of the constitution, which provides that ' the legislature shall have power to provide for the election of a board of supervisors in each county, and these supervisors shall jointly and individually perform such duties as may be prescribed by law.'  This section must be regarded as limiting the third article (distributing powers).  In using the word ' su-

pervisors' the constitution intended to adopt it with its known meaning, and in the sense in which it was generally understood.

"The word 'supervisors,' when applied to county officers, has a legal signification. The duties of the officer are various and manifold; sometimes judicial, and at others legislative and executive. From the necessity of the case, it would be impossible to reconcile them to any particular head; and therefore, in matters relating to the police and fiscal regulations of counties, they are allowed to perform such duties as may be enjoined upon them by law, without any nice examination into the character of the powers conferred. This rule will preserve the utility of these officers, while it is, at the same time, in harmony with the spirit of the constitution itself." *People* v. *El Dorado County*, 8 Cal. 58; *People* v. *Supervisors Marin County*, 10 Cal. 344; *Waugh* v. *Chauncy*, 13 Cal. 12; *Robinson* v. *Board of Supervisors Sacramento*, 16 Cal. 208.

Section 26 of Article IV, of the constitution of Nevada, seems to have been adopted from California, substituting the synonym "commissioner," for "supervisor"; so it may be lawfully presumed to have been taken with the judicial interpretation attached.

It is argued that the board had exhausted its power in the matter of the railroad application, because it had once acted upon the petition to equalize the same tax. If the legal proposition, that such a tribunal, having once acted, cannot review its action, be correct, yet the facts in this case do not furnish us with the necessary premise. The application first acted on was one to equalize; the one under review is to discharge: two entirely different propositions. While, perhaps, the power to discharge might include the right to equalize, yet the authority to equalize would give no direct license to discharge. The ultimate object might possibly be attained, by equalizing to a minimum; yet that would, if done in good faith, be an extreme case, and an evident exception to the rule. Through excess of caution, that no exception could be taken to the absolute control of the board upon application for action in these peculiar assessments, the legislature seems to have used the words "equalize," "modify," "discharge," that every conceivable form of relief might be included; so, notwithstanding the board had once acted upon a petition to equalize, it yet retained the power to

State ex rel. Mason *v*. County Commissioners of Ormsby County.

act upon a subsequent application from the same party to discharge; that being another and entirely different matter. It will also be seen, that this is more a question of individual right in the petitioner, than of jurisdictional power in the board: such right must, by the received rules, be liberally construed; and cannot, therefore, be limited, as would be the case were the position of counsel sustained.

The objection that the evidence is in conflict with the order, cannot be considered. As the record shows affirmatively that the commissioners acted within their jurisdiction, how they acted is not the subject of review by this court. *Fall* v. *The County Commissioners of Humboldt Co.*, 6 Nev. 100.

The action of the board is affirmed.

By GARBER, J., dissenting:

I think the commissioners exhausted the jurisdiction conferred upon them by the statute, when they considered and denied the application to equalize. The grant of power to the commissioners must be strictly construed. 7 Ohio Stats. 115. And so construed, it seems to me that the legislature contemplated one application only by the person aggrieved. Upon such application, the commissioners are given the power, either to modify or wholly to discharge the assessment. By their refusal, on the first application, to modify it, they virtually affirmed its validity—they adjudged that the whole amount was properly assessed. And such their adjudication was, by the very terms of the statute, a final determination of the matter. Practically, too, this construction of the statute seems fair and just. It gives to the party aggrieved ample opportunity to show any cause he may have, why the assessment should be either totally set aside, if illegal, or reduced in amount, if excessive; and only denies to him the right to litigate his claim by piecemeal.