| 8 | 359 |
| 9 | 370 |
| 9 | 386 |
| 12 | 169 |
| 12 | 222 |

## SELDEN HETZEL, RELATOR, v. THE BOARD OF COUNTY COMMISSIONERS OF EUREKA COUNTY.

ACTION OF COUNTY COMMISSIONERS—NO CERTIORARI WHERE NO EXCESS OF JURISDICTION. Where the board of county commissioners of Eureka County entertained petitions for the holding of an election, as provided by the act creating such county (Stats. 1873, 107, Sec. 3), and after hearing evidence determined as a fact that the requisite number of *qualified* electors had not petitioned and thereupon refused to order an election: *Held*, that the action of such board was within its jurisdiction, and that therefore *certiorari* would not lie.

INQUIRY UPON CERTIORARI. If a board of county commissioners regularly pursue its authority and act within its jurisdiction, there can be no error in its action which can be reviewed upon *certiorari*.

This was an original proceeding in the Supreme Court. It was institued by the relator suing out a writ of *certiorari* requiring the clerk of the board of county commissioners of Eureka County to certify up the proceedings of said board in reference to certain petitions which had been presented to it for calling an election of county officers as provided in the act creating Eureka County. (Stats. 1873, 107, Sec. 3). These petitions were the same to which reference is made in the case of *State ex rel. Hetzel* v. *Commissioners of Eureka County*, reported *ante*, 309. It appears from the record and return of the clerk that after the mandamus which was applied for in that case had been refused, the board of county

commissioners proceeded to take further action upon the petitions presented; that it heard evidence in reference to the qualifications as electors of the signers thereof; that it determined as a board that the requisite number (five hundred) qualified electors had not signed, and that it thereupon refused to order an election.

*Selden Hetzel*, for Relator.

I. The proceeding by *certiorari* is the proper and only remedy of petitioner. Burrill's L. Dic. Art. Certiorari; *Stone* v. *Mayor, etc., of New York*, 25 Wend. 157; *People* v. *Supervisors of El Dorado*, 8 Cal. 58; *State ex rel. Hetzel* v. *Commissioners of Eureka County, ante*, 309; 1 U. S. Digest, Title, Certiorari.

II. The petitions presented were sufficient and the board of county commissioners should in response to them have ordered the election. The provision for such election was fully in accord with the spirit of our State fundamental law and with the genius of our republican institutions. In view of the premises the court should so modify the proceedings of the board as to require the calling of an election in response to the petitions on file and the performance of any and all other acts necessary to secure such election in accordance with the prayer of the petition herein.

*G. W. Baker*, with *Hupp, Hillhouse & Darrow*, for Respondents.

I. The inquiry on the present proceeding can not be pursued beyond an examination of jurisdictional facts. See *State ex rel. Mason* v. *County Commissioners of Ormsby County*, 7 Nev. 392; and *State ex rel. Fall* v. *County Commissioners of Humboldt County*, 6 Nev. 100. That the board had jurisdiction to act in the premises and that its acts partake of judicial character in determining whether or not a sufficient number of qualified electors had actually petitioned said board to call an election, is placed beyond controversy by the former decision of this Court upon the application on the part of relator for a mandamus. See *ante*, 309.

II.    It appears from the return that from the evidence before it the board arrived at the conclusion that five hundred qualified electors of Eureka County had not petitioned for such election to be held.    How can this court determine whether that conclusion was not justified by the evidence? The oral testimony received by the board is not embraced in the record returned by the clerk, as it is not a matter of record in his office and not necessary to be presented in the minutes of the proceedings of the board (*Central Pacific R. R. Co. v. Board of Equalization of Placer County*, 32 Cal. 582); and without all the evidence before it this court is unable to arrive at any conclusion.    But enough appears to show that the action of the commissioners in refusing to order said election was not in excess of their jurisdiction, and that such refusal was based upon the fact that the evidence of citizenship on the part of petitioners was not sufficient to justify them in making the order for such election.

By the Court, HAWLEY, J.:

In the act creating the County of Eureka, it is made the duty of the board of county commissioners to call an election to fill the various county offices on the first Monday in August, 1873, "*provided*, that five hundred or more of the qualified electors of the County of Eureka shall, on or before the first Monday in July, A. D. eighteen hundred and seventy-three, petition the board of county commissioners to order an election for county officers." Stats. 1873, 107, Sec. 3.

From the record before us, it appears that petitions containing over five hundred names were presented praying the board to order such election.    It also appears that evidence was introduced before the board upon the question whether or not the petitioners were qualified electors of Eureka County.    After the admission of evidence the commissioners find as a fact "that there is not now or never has been a petition or number of petitions before us containing the names of five hundred qualified electors of Eureka

24

County asking for an election to be held." This finding is conclusive of the case and renders it unnecessary to examine the other points raised by counsel.

The writ of *certiorari* " shall be granted in all cases when an inferior tribunal, board or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board or officer," * * * Stats. 1869, 263, Sec. 436. "The review upon this writ shall not be extended further than to determine whether the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer." Stats. 1869, 264, Sec. 442.

It was within the jurisdiction of the board to act upon the petitions and determine from the evidence before it whether or not the petitioners were " qualified electors of Eureka County." *State ex rel. Hetzel* v. *Commissioners, ante,* 309. "Whether its action was founded upon strictly legal or sufficient evidence, is not within the province of this court to inquire upon *certiorari*." *Fall* v. *The County Commissioners of Humboldt County,* 6 Nev. 103.

The board of county commissioners having regularly pursued its authority and acted within its jurisdiction, it follows that there was no error in its action. *Maynard* v. *Railey,* 2 Nev. 314; *State ex rel. Mason* v. *Commissioners of Ormsby County,* 7 Nev. 398; *Coulter* v. *Stark,* 7 Cal. 245; *Comstock* v. *Clemens,* 19 Cal. 80; *People* v. *Dwinelle,* 29 Cal. 635; *People* v. *Johnson,* 30 Cal. 101; *People* v. *Elkins,* 40 Cal. 647.

The writ must therefore be dismissed. It is so ordered.