MARTHA BIRCHFIELD v. C. N. HARRIS, Judge of District Court of Second Judicial District.

Order on Proceedings Against Garnishee not Reviewable on Certiorari.
Where a district judge, in proceedings under section 131 of the Practice Act, made an order requiring a garnishee to deliver to the sheriff moneys in her hands claimed to belong to the attachment debtor : Held, that as the statute conferred upon the judge full jurisdiction over person and subject matter, his order, however erroneous, could not be reviewed on certiorari.

This was an original proceeding in the Supreme Court. The petitioner prayed for a writ of certiorari against the

Birchfield v. Harris.

Hon. C. N. Harris, judge of the District Court of the Second Judicial District in and for the County of Ormsby. She set forth in her affidavit that on August 8, 1874, Augustine W. Pray commenced an action in the Second District Court against William A. Quigle to recover the sum of $3,491 22; that a writ of attachment was issued in said action, and certain property of said Quigle levied upon in pursuance of said writ; that afterwards, in pursuance of sections 130 and 131 of the Practice Act, said Quigle was cited to appear before Judge Harris to be examined respecting his property, and at the same time said petitioner was cited to be examined respecting any property belonging to said Quigle in her possession; that pursuant to said order petitioner appeared before said judge and stated that the property sought to be taken from her possession was the sum of six hundred dollars in gold coin, and was her exclusive property; that she was a widow, and the mother of said Quigle and wholly dependent upon him for her support; and that said money had been given to her for her maintenance and support by her said son; that thereupon said judge made the order complained of and compelled her to deliver over said money to the sheriff, to be applied to the satisfaction of any judgment said Pray might obtain against said Quigle; and that said judge, as petitioner was informed and believed, had no jurisdiction or authority to make such order.

In pursuance of the petition a writ was issued and the proceedings of the judge below certified up. The order complained of was entitled in the action of Augustine W. Pray v. W. A. Quigle, and read as follows:

"The defendant in the above entitled cause having been cited to appear before me to answer under oath concerning his property, in pursuance of the 131st section of the Civil Practice Act of this State; and his mother, Mrs. Martha Birchfield, having also been cited to appear in the same proceeding to answer in like manner respecting property or

money of said defendant in her possession or under her control; and said defendant having disclosed by his answers under oath that he gave his said mother, since this suit was begun, the sum of six hundred dollars in gold coin, and she, said Mrs. Martha Birchfield, having answered under oath in said proceeding that she had received from said defendant, her son, said sum of money on the 10th day of August, 1874, not in payment of any debt but as a gift for her benefit and support, and it appearing from the testimony of the plaintiff in this proceeding this day given that said defendant refused on the 7th day of August, 1874, to apply said money to the payment of his debts on the ground that he was in a bankrupt condition and did not intend to leave himself without money; and it appearing to my mind. *prima facie,* by the evidence that said money is the property of the defendant Quigle: it is ordered that said Mrs. Martha Birchfield deliver to S. T. Swift, the sheriff of Ormsby County, Nevada, the sum of six hundred ($600) dollars gold coin, to be by him applied so far as necessary to the payment of any judgment, which the plaintiff may obtain in said cause, or to said Mrs. Martha Birchfield, if plaintiff do not obtain any judgment, or any excess thereof, after payment in full of any judgment so obtained by plaintiff in said cause, *unless* said Mrs. Martha Birchfield shall have instituted proper legal proceedings to assert and show legal claim and title to said money within ten days after service upon her of this order and delivery thereunder of said money to said sheriff.

"C. N. HARRIS,

"District Judge.

" CARSON, August 14th, 1874."

*Robert M. Clarke,* for Petitioner.

Counsel cited the following authorities: Drake on Attachments, Secs. 651 to 659; 7 Humphrey, 112; 2 Mass. 96; 4

Mass. 85; 18 Me. 187; 22 Me. 28; 1 Sumner C. C. 537; 4 Mason C. C. 460; 5 N. H. 178; 59 Penn. 361; 8 Pick. 67.

*Thomas Wells*, for Defendant.

I.   The judge did not exceed the authority given him by section 131 of the Practice Act.. He made the order "on such terms as" he thought were "just." He did not exceed his jurisdiction by attempting to pass judicially and finally on the question of title to the money in question; he could not do that, nor can this Court do so in this proceeding. The order is merely provisional, precautionary, and not final; it is ancillary to the suit at law. It is no bar to an action, in the proper form and proper forum, to assert the legal title of the plaintiff to the money—an action wherein the court could adjudge whose the money is, and decree delivery accordingly. The proceeding is to find out if there be *prima facie* a claim upon the garnishee, which is to be ascertained from all the evidence. The evidence here shows fraud on the part of the debtor and his ownership of the money. 9 Cal. 262; 26 Cal. 586; Drake on Attachment, Secs. 651 to 659, inclusive.

II.   If the garnishee in this case had been discharged, because she asserted title to the funds, by gift from the defendant in attachment, the door to fraud, in every instance of a debtor being in a failing condition, and wishing to defraud, would be effectually open, and this remedial provision of the statute rendered practically unavailing.

By the Court, WHITMAN, C. J.:

Under the title "attachment" the Practice Act of this State provides that "Any person owing debts to the defendant, or having in his possession or under his control any credits or other personal property belonging to the defend-

ant, may be required to attend before the court, or judge, and be examined on oath respecting the same.   The defendant may also be required to attend for the purpose of giving information respecting his property, and may be examined on oath.   The court or judge may, after such examination, order personal property capable of manual delivery to be delivered to the sheriff on such terms as may be just, having reference to any liens thereon or claims against the same, and a memorandum to be given of all other personal property, containing the amount and description thereof."   Comp. Laws, Sec. 1192.

In the case of Pray v. Quigle, under such section, Quigle and the petitioner were examined, and thereupon the judge made an order, which the petitioner seeks to review on certiorari.   As the judge acted with full jurisdiction of person and subject matter, it is immaterial how erroneous the order, it cannot be reviewed in this proceeding.   *Hetzel* v. *Commissioners of Eureka County*, 8 Nev. 359.

Let the writ be dismissed.