THOMPSON, LAMPKIN & CO. *v.* MATILDA J. TILLOTSON AND HUSBAND.

1. HOMESTEAD. *Abandonment. Husband and wife.*
  Under sect. 2144, Code 1871, if a debtor, who is unable to make a living on his homestead, removes to a better location, in another county, where he registers as a resident and votes, neither he nor his wife can, after two years, when the land is about being sold under a decree against him, enjoin the sale on the ground that the property is exempt, although, on leaving, he rented the land, reserving the right to return and occupy a house thereon if his new location proved unprofitable.

2. SAME. *Code 1871, sect. 2144, construed.*
  In Code 1871, sect. 2144 (which is more stringent than Code 1857, p. 529, art. 281, construed in *Campbell* v. *Adair*, 45 Miss. 170), the word "casualty" refers to accident, — as fire, flood, or social or family disaster or misfortune, causing temporary absence; while "necessity" may embrace considerations of health, or travel, or public business, or private business emergency of an exceptional and temporary character. The two words may imply various other events, impossible to enumerate, but do not include an indefinite abandonment for years, induced by the fact that the owner has found elsewhere a location deemed more advantageous.

APPEAL from the Chancery Court of Copiah County.
Hon. E. G. PEYTON, Chancellor.
The case is stated in the opinion of the court.

*Benjamin King*, Jr., for the appellants.

1. Removal to Hinds County, and voting there, is an abandonment of the homestead in Copiah, and negatives an intention speedily to return, required by sect. 2144, Code 1871, to preserve the homestead.    2 Pars. on Con. 579, and foot note (2) ; *Hairston* v. *Hairston*, 27 Miss. 704 ; *Alston* v. *Newcomer*, 41 Miss. 192.

2. The domicile of the wife follows that of the husband. Story on Confl. 57, sect. 46.

3. If Tillotson removed with his family to Hinds County with the intention of remaining there, a floating intention to return to Copiah at some indefinite time will not save the homestead.    Story on Confl. 58, sect. 46.

4. The length of time of the debtor's absence rebuts the idea of *animo revertendi*, and shows an abandonment of the homestead.    2 Pars. on Con. 580.

*Ben. King*, on the same side.

1. Tillotson's abandonment of his homestead because it was too poor to support him, to return when it becomes rich enough for that purpose, his removal to Hinds County, teaching school there for nearly three years, leaving the land to tenants, are facts rendering his absence perpetual.

2. The exercise of the right of suffrage in Hinds County is conclusive that he adopted that county as his residence.    Code 1871, sect. 346 ; *Shelton* v. *Ziffin*, 6 How. (U. S.) 163.

*J. A. Brown*, on the same side.

1. Leaving the county of the homestead, taking up a residence with his family in another, and becoming a citizen and voting there, is such abandonment by the debtor as makes the land subject to execution.    *Thoms* v. *Thoms*, 45 Miss. 275, 276.

2. The domicile of the wife is that of the husband ; nor is the wife's assent necessary to enable the husband to select and fix a new homestead.    *Thoms* v. *Thoms*, 45 Miss. 276.

*H. B. Mayes*, for the appellees.

1. Tillotson was a very poor man, and teaching his profession.    That he intended no abandonment is manifested by his declarations before leaving, and his arrangement

with the tenants that he could return at will and occupy the house.

2. Code 1857, p. 529, art. 281, gave the benefit of the homestead to the widow and family of the deceased, " *some one of them continuing to occupy said homestead.*" In *Campbell* v. *Adair*, 45 Miss. 177, the court say it would be harsh to enforce the statute according to its letter, but there must be exceptional cases, and instances temporary absence in town for church and school purposes, leaving the homestead in charge of a tenant or overseer.

3. By Code 1871, sect. 2144, it is expressly provided that if the removal be temporary, by reason of some casualty or necessity, with the purpose of speedily occupying the same as soon as the cause of his absence can be removed, such absence is not an abandonment. This kind of absence is never abandonment. Smyth on Homest. & Ex. 231, 232.

4. The law prohibiting a married man from disposing of the homestead without his wife's consent, renders the homestead secure. Acts 1873, p. 78. If the husband, by abandoning the homestead, can dispose of it without his wife's consent, he may in this way completely evade the statute.

CHALMERS, J., delivered the opinion of the court.

The bill is filed to enjoin the sale under execution of eighty acres of land, upon the ground that it constitutes the homestead of complainant and his family. It is not now, and has not been for several years, occupied as a residence by complainant or any member of his family ; but it is claimed that their absence has been " temporary," *cum animo revertendi*, and occasioned by such " casualty or necessity " as does not cause a forfeiture of the exemption. Complainant removed from the place in January, 1875. He had not returned to it, nor, so far as the record indicates, did he propose to return to it, when the final decree passed, in September, 1877. He abandoned the place, which was located in Copiah County, because, as he says, he found it impossible to make a livelihood on it for himself and family, and he failed to obtain employment in the neigh-

borhood in his vocation as a school-teacher. He removed to Hinds County, where he obtained a flourishing school, and where he has since resided. He registered as a voter at two general elections therein. In order to do so, it was necessary, under the statute, that he should have made affidavit that he was a resident of said county. When he left the place in controversy, in Copiah County, he rented it out, but reserved the right to return and occupy a house on the premises if, during the year, his school in Hinds County should cease, or if, from any cause, he might desire to return. During the two succeeding years it was rented out for him by a friend, and each year the same stipulation was made with the tenants. Under these circumstances, can he or his wife (the bill is filed in the name of the latter) claim the land as an exempt homestead?

Our present statute is much more explicit, and, we think, narrower in its terms, than art. 281, p. 529, Code of 1857, which received interpretation in *Campbell* v. *Adair*, 45 Miss. 170. The controversy in that case was between a creditor and the widow of a deceased exemptionist. The statute declared that the exemption should continue after the death of the husband, "for the benefit of the widow and family of the deceased, some or one of them continuing to occupy it." It was held that the occupation might be by tenant, though it is to be noted that in that case the widow had returned to and was living on the premises at the date of the decree.

Sect. 2144 of Code of 1871 is much more definite and stringent in its terms. It declares that "whenever the debtor shall cease to reside on his homestead, it shall be liable for his debts, unless his removal be temporary, by reason of some casualty or necessity, and with the purpose of speedily reoccupying it as soon as the cause of his absence can be removed."

This language leaves but little room for construction. There must be actual residence on the premises; but temporary absence will not cause a forfeiture, if it be produced by casualty or necessity, and there exists the purpose to speedily

reoccupy as soon as the cause of absence can be removed. Nothing is left for the courts to do but to define the meaning of the words "necessity" and "casualty." The word "casualty" evidently refers to some sad accident, — as fire, or flood, or some social or family disaster or misfortune, — which causes a temporary absence. "Necessity" may embrace considerations of health, or travel, or public official engagements, or even a private business emergency of an exceptional and temporary character. The two words may fairly imply various other events, impossible to enumerate; but no proper construction can make them cover an indefinite abandonment for years, induced by the fact that the owner has found elsewhere a location deemed more advantageous. Actual residence is the requirement of the statute, and the only exception tolerated is an absence temporary in its nature, produced by necessity or casualty, and with a purpose of speedy return as soon as the cause of absence has ceased. With the wisdom of this rule we have no concern. *Ita lex scripta est.*

Decree reversed and bill dismissed.