### THOMAS J. MAJORS *v.* BELLE E. MAJORS ET AL.

1. CHANCERY PRACTICE. *Res adjudicata. Motion to dismiss.*
   It is bad practice for the defendant in a suit in chancery to present the question of *res adjudicata* by a motion to dismiss the bill.

2. RES ADJUDICATA. *Suits in chancery. Claims of dower and homestead.*
   Certain judgment creditors of J., deceased, filed a bill against T., and against B. as administratrix of the estate of J., to set aside a conveyance of certain land from J. to T., through a trustee, on the ground of fraud, and to subject the land to their judgments. T. filed a cross-bill making the complainants in the original bill and B. defendants, and alleging that she had combined with them to have the conveyance to him set aside in order that she might obtain dower in the land. A decree was rendered dismissing the bill and perpetually enjoining B. "from setting up any claim to dower in said land, or other interest therein or thereto." Subsequently, B. and her two minor children filed a bill against T., claiming a homestead in the same land. T. set up the decree in the former suit as *res adjudicata* of the matters involved in this suit. *Held,* that the complainants in the latter suit are not estopped by the adjudication in the former suit.

3. HOMESTEAD. *Conveyance by husband. Absence of family. Claim by widow and children.*
   J. and family, having resided on a certain place belonging to him, as their homestead, "up to 1873," then moved, "temporarily," to a place belonging to his wife, with the purpose of returning to his place "in 1875." While thus residing on the wife's place, J. conveyed away his place, upon which the family had formerly resided; but his wife did not join in the deed. After the death of J., his widow and minor children filed a bill setting forth the facts above stated, and claiming a homestead in the land conveyed by him. *Held,* that the bill is not maintainable.

APPEAL from the Chancery Court of Jefferson County.

Hon. H. S. VAN EATON, Chancellor.

The bill in this case was filed in January, 1881, by Belle E. Majors and her two minor children, against Thomas J. Majors,

alleging substantially the following facts: Belle E. Majors was married to John N. Majors in 1871, and they resided upon his place, known as the "Mayberry place," "until the year 1873," when they moved "temporarily" to her plantation, "with the intention of returning to his Mayberry place in the year 1875." On the 4th of December, 1873, John N. Majors executed a deed of trust on his Mayberry place to secure a debt to Thomas J. Majors. In October, 1874, John N. Majors died; so that he could not return to his place, as he had intended. In 1875 the Mayberry place was sold under the deed of trust, and bought by Thomas J. Majors. The land thus bought by Thomas J. Majors embraced the homestead of John N. Majors in his lifetime; and it was not abandoned by him, but only temporarily left. Belle E. Majors did not join in the deed of trust, and it was void as to the homestead interest in the land. The prayer of the bill was that the homestead in this land be set apart by metes and bounds to the complainant and her minor children.

The defendant moved to dismiss the bill, on the ground that by a certain decree of that court, rendered on the 26th of November, 1878, which was substantially set forth in the motion, the matters involved in this suit had become res adjudicata. The original bill in the former suit was filed by certain judgment creditors of John N. Majors, deceased, against Thomas J. Majors and Belle E. Majors, as administratrix of the estate of John N. Majors, to subject the Mayberry place to their debts, on the ground that it had been fraudulently conveyed to Thomas J. Majors. Majors filed a cross-bill, making those creditors and Belle E. Majors defendants, and alleging that she had combined with the complainants in the original bill to set aside the conveyance to him, believing that she would then get dower in the land. A decree was rendered dimissing the original bill and perpetually enjoining Belle E. Majors "from setting up any claim to dower in said land, or other interest therein or thereto."

The motion to dismiss the bill in this case was overruled, and the defendant appealed.

*Nugent & McWillie*, for the appellant.

1. Upon the facts presented by the bill, the appellees are not entitled to a homestead in the land conveyed by John N. Majors, deceased. Thomp. on Home. & Ex. 43 ; *Nevins' Appeal*, 47 Pa. St. 230 ; *Howze* v. *Howze*, 2 So. Car. 232 ; *Shepard* v. *Bremer*, 65 Ill. 383 ; *Clubb* v. *Wire*, 64 Ill. 157 ; *Brown* v. *Coon*, 36 Ill. 243 ; *Morrill* v. *Hopkins*, 36 Texas, 686 ; *Dawson* v. *Holt*, 44 Texas, 174 ; *Taylor* v. *Smith*, 54 Miss. 51.

2. Mrs. Majors is bound by the decree upon which the motion to dismiss is based. If the question of the right of homestead was not presented in the former suit, it might then have been litigated with propriety, and she cannot now litigate the question in this suit. *Steward* v. *Stebbins*, 1 Geo. 66. The children are also bound by that adjudication, their rights being in subordination to that of the parent.

3. Under our statute, which abolishes all forms and fictions in pleading, the question of *res adjudicata* might be presented as well by a motion to dismiss the bill as in any other mode. *Bell* v. *Medford*, 57 Miss. 31 ; *Anding* v. *Levy*, 57 Miss. 51.

*G. W. Shackelford*, for the appellees.

The matters involved in this suit are not *res adjudicata* by the decree of the 26th of November, 1878, against Belle E. Majors. The parties are not the same, and the subject-matter is not the same. The purpose of the former suit was to set aside the conveyance to the appellant on the ground of fraud. The object of this suit is to have the homestead set apart to the widow and children of John N. Majors. Mrs. Majors was a party to the former suit as administratrix. She is a party to this suit in her own right. Her children, who are parties to this suit, were not parties to the former suit at all. Certain creditors of John N. Majors were parties to the former, but are not parties to this suit.

*Frank Johnston*, on the same side.

1. The motion to dismiss the bill was properly overruled, because the matters set up by it ought to have been presented by a plea. 1 Dan. Ch. Pr. 603, 604, 659, 661, 689, 743; Story's Eq. Pl. 647–649.

2. The decree in the former suit is *res adjudicata*, and a bar to this bill. The minors were not parties to it; and even if their mother was bound by it, that would not affect them, as they do not derive their interest in the homestead from her. But the decree only bound Mrs. Majors as administratrix. Her homestead right was not affected by the decree.

3. I insist that the question of the right of homestead cannot now be inquired into; but if the court should consider it, I submit that the bill states a good case. Code 1871, sect. 2144; *Campbell* v. *Adair,* 45 Miss. 177; 1 Washb. on Real Prop. 326–379; 38 Miss. 200; 40 Miss. 49; Smythe on Home. 231, 232, 282, note 2.

CAMPBELL, J., delivered the opinion of the court.

We do not approve the practice tolerated in this case, but no objection was taken in the court below to the new mode of defending; and the motion was decided on its merits, and an appeal was granted by the court from its decree overruling the motion, in order to settle the principles of the case.

There was no estoppel by the adjudication relied on.

In order to further settle the principles of the case, we state that the facts averred by the bill are insufficient to maintain the relief sought, and the continuance of the litigation can serve no useful purpose, if the complainants have not a better case than their bill presents. It is not to be tolerated that Majors, who executed a deed of trust, without the joinder of his wife, on land not at the time occupied by him as a residence, should, because of a purpose entertained at some future day to resume the occupancy of the land thus conveyed, have it in his power, or put it in the power of his wife and children after his death, for that reason to annul the deed of

trust because of the non-joinder of his wife in its execution, and obtain a homestead in it.

When he executed the deed of trust, Majors had ceased to reside on this land, and was residing with his family on his wife's land, some miles distant from this. It is not averred that his removal was temporary, by reason of some casualty or necessity, and with the purpose of *speedily* reoccupying it as soon as the cause of his absence could be removed, which is the language of the statute applicable. Code 1871, sect. 2144. *Thompson* v. *Tillotson,* 56 Miss. 36.

The bill should be amended, if a better case can be made, and it should be met by a demurrer, plea, or answer, and not by a motion as a substitute for either.

The order overruling the motion is affirmed, and cause remanded for further proceedings.