WILLIAM N. COLLINS ET AL. *v.* JAMES A. BOUNDS ET UX.

HOMESTEAD.   *Abandonment.   Temporary absence.   Animus revertendi.*
   A temporary removal from the homestead by husband and wife
   because of necessity, they retaining an intention to return to the
   premises, is not such an abandonment of the home as will ren-
   der valid the deed of the husband threto, in which the wife did
   not join, under code 1892, § 1983, providing that a conveyance
   by the husband of the homestead shall not be valid unless signed
   by the wife, etc.

FROM the chancery court of, second district, Marion county. HON. STONE DEVOURS, Judge.

Bounds and wife, appellees, were complainants and Collins and another, appellants, were defendants in the court below. From an interlocutory decree, overruling a motion to dissolve injunction, defendants appealed to the supreme court.   The opinion states the facts of the case.

*Mounger & Mounger* and *Harper & Potter,* for appellants.

At the time the deed was executed to Collins, Bounds and his wife were not residing on the property.   It was, therefore, necessary for them to show beyond question that they had ceased to reside on the homestead alone because of some casualty or necessity within the meaning of the statute.   *Majors v. Majors,* 58 Miss., 806.

If the casualty or necessity for leaving the homestead be not such a casualty or necessity as is recognized by law, then the fact that they had a purpose of returning to the homestead cannot avail them. *Moore* v. *Bradford,* 70 Miss., 70.

There is no pretense in this case that Bounds ceased to reside on the homestead because of any casualty, and the only necessity shown by the evidence is that he did not own a horse with which to cultivate his own land, and, therefore, found it more advantageous from a busir·ss point of view to cultivate his father-in-law's land.

This is not such a necessity as the law contemplates to justify the abandonment of a homestead. It was not a necessity arising from an "emergency of an exceptional and temporary character." *Thompson* v. *Tillotson, 56* Miss., 36.

*Weathersby & Mayson,* for appellees.

Appellants rely on the case of *Majors* v. *Majors,* 58 Miss., 806, to support their contention. Upon examination it will be seen that that case is an authority for appellees. Both Mr. and Mrs. Majors owned a home, they moved to the wife's land and while there Mr. Majors executed a conveyance to his homestead, but died while he and his wife were residing upon her land. Had he lived to return to his homestead, it will not be seriously contended, as we take it, that his conveyance would have divested his wife of her rights in his homestead. The conditions existing at the time of the execution of the instrument determine its validity. *Cummings* v. *Busby,* 62 Miss., 195.

No doubt Majors intended to return to his homestead when he temporarily abandoned it, but died before he could do so.

It needs no authority to support the proposition that the husband has the right to select and fix the domicile of the family.

Though Majors might have entertained the intention to return to his home as long as he lived, but as a matter of fact he

did not do so, and the rights of his wife in and to his homestead were predicable on his, and he having died away from it, the rights of the wife passed away at his death. Her rights were dependent upon his, and when death cut short his intention she had no interest in his land when she didn't reside there, and especially so when she was living on lands belonging to herself. But the case of appellees is very different from the Majors case. The wife had no lands of her own, the husband intended to return and in fact did return. If he had died while at Buckhalters the case might have been different. It must be remembered, however, that the case of *Majors* v. *Majors, supra,* was decided before section 1258, Code 1880, and 1983, Code 1892, were enacted; under Codes 1880 and 1892, no conveyance, etc., of a homestead, unless it be signed by the wife, or the owner if he be married and living with his wife, is valid.

Appellants contend that the burden of proof is on appellees to show that their absence was temporary, caused by some casualty or necessity, and with the purpose of speedily reoccupying the same. While we have shown this, it is not incumbent on us. There is quite a difference when the proceedings are *in vitum* and when the relations are contractual. Under the former, when an exception or attachment had been levied upon the homestead, it would devolve upon the debtor to show that his absence was due to some of the reasons mentioned in section 1981, Code of 1892; because it would be a case for the application of the maxim of the common law in case of public officials: *"Omnia praesumuntur rite et solcuniter esse acta."* But no such presumption attaches when the relation between the parties are contractual, for they are supposed to know with whom they are contracting; to be acquainted with the subject-matter of the contract, and when he does so with reference to a homestead, unless he secures the signature of the wife of the homesteader, omits to do so at his own peril.

A conveyance, etc., is of no validity· whatever unless it be signed by the wife. *Gatti* v. *Supply Co.,* 77 Miss., 754, 27 So. Rep., 601; *Gulf, etc., R. Co.* v. *Singleterry,* 78 Miss., 772, 29 So. Rep., 754; *Johnson* v. *Hunt et al.,* 79 Miss., 639, 31 So. Rep., 205.

Calhoon, J., delivered the opinion of the court.

This appeal is from a decree overruling a motion to dissolve an injunction which had been granted to Bounds and wife, restraining appellants from committing waste on a 40-acre tract of land. The sole question involved is whether or not there had been such an abandonment of the homestead as to enable the husband, without the wife's joinder, to make a valid conveyance of part of it. The chancellor· had evidence before him, which no doubt determined his action, to the following effect: The husband made a homestead entry from the government of the United States of one hundred and twenty acres of land, which included the forty acres in controversy. He owed W. N. Collins the entry money—about $31—which he had borrowed from him to make the entry. The dwelling house and garden and other little improvements of Bounds, including a few acres of cleared land, would have continued to have been occupied by him and his wife but for the death of his only horse, which left him unable to work his land. At this juncture his father-in-law, who lived four miles distant, offered him the use of a horse and land to cultivate, so that he might make a crop and realize enough to enable him to buy a horse and cultivate his homestead land. This offer he accepted, and he and his wife went to her father's with this specific object, and with the express purpose to return after making and marketing the crop; and the object was accomplished, and thereupon they did return to the homestead, which they never had any intention to permanently abandon. It is to be particularly noted that on going to the father's they left on their premises some of their house-

hold and kitchen furniture and effects, and farming implements and gearing, and returned to the house, "backward and forward," to look after them, and some cows and yearlings and hogs, and some vegetables in their garden, they had also left there.　Now, while they were at their father's, W. N. Collins came with a justice of the peace, and with a deed prepared for signature and acknowledgment, and J. A. Bounds signed and acknowledged it; but the wife refused to do so, but offered to join in a conveyance of another forty acres of the one hundred and twenty-acre entry, situated farther from the home, but Collins refused this.　She also tendered to Collins the $31 he had loaned to Bounds to make the entry, and he refused that.　After this the husband and wife went back to their home.　It seems that there was some sort of agreement between W. N. Collins and Bounds that Bounds should convey forty of the one hundred and twenty acres entered.

In full view of the cases of *Majors* v. *Majors,* 58 Miss., 806; *Moore* v. *Bradford,* 70 Miss., 70, 11 South., 630; and *Thompson* v. *Tillotson,* 56 Miss., 36, we hold, in the case at bar, on its facts, that there was no abandonment of the homestead; that the removal from it was because of necessity and temporary, and that this ruling is consistent with the decisions above cited; and that the chancellor properly overruled the motion to dissolve the injunction.

*Affirmed and remanded for such other proceedings as may be proper.*