## WILSON *v.* RAY.

PLEADING—FORMER RECOVERY.—A judgment on a demurrer to a good answer, in favor of the party pleading it, is a bar to a subsequent suit for the same cause of action. Page 158.

SAME.—That new matter is introduced in the second suit does not prevent the former recovery from operating as a bar, to the extent of the points involved in the former case. Page 159.

APPEAL from the *Marion* Circuit Court.

GREGORY, J.—Suit by *Wilson* against *Ray.* The complaint avers that, on the 1st of *June,* 1852, the former and one *Vance* were engaged in the performance of a contract with "*The Indianapolis & Cincinnati Railroad Company,*" in furnishing the material and labor in the construction of a portion of her road; that *Vance* and the appellant were to receive for the labor and materials furnished the bonds of the company, at seventy-five cents on the dollar; that they complied with their contract, and received from the company in compensation therefor $350,000 of bonds, one half of

which was the property of the plaintiff; that the company, under the contract, had the right to redeem the bonds within twelve months from the 1st of August, 1852, by paying *Vance* and *Wilson* eighty-five cents to the dollar, in the city of *New York;* that about the time *Vance* and the plaintiff were engaged in performing their part of said contract, the latter and *Ray* entered into a *co-partnership* in the business of procuring the bonds from the company, and in their negotiation and sale; that by the terms of the *co-partnership* the defendant was to indorse for the plaintiff, and negotiate and procure for him loans of money to enable him to perform his part of the contract, and to procure said bonds; that the bonds, when so procured, were to be held upon account of the joint interests of the plaintiff and defendant; that the same were to be sold on joint account, and after paying the plaintiff *seventy-five* cents upon the dollar of the bonds so sold, the excess for which the bonds might be sold was to be divided equally between the plaintiff and defendant, but that if the bonds should sell for less than *seventy-five* cents to the dollar, then the difference between *seventy-five* cents and the sale price should be divided as a loss between them; that the defendant performed his part of the contract by indorsing and procuring loans for the plaintiff; that after the contract with the railroad company had been performed, and the bonds procured, the share of the plaintiff was placed in the hands of the defendant for sale, and that the latter sold $175,000 thereof, at the price of *twenty cents* to the dollar, whereby a loss was sustained by the parties of $60,000, which was suffered and paid by the plaintiff, and that the same remains unsettled and unpaid; that the partnership remains unsettled and unadjusted, notwithstanding the plaintiff has often requested the defendant to settle and adjust the same; and that he has never accounted to the plaintiff for such sale, or adjusted the losses which had accrued, growing out of the partnership.

To this complaint the defendant answered, among other things, as follows, viz: " The defendant further answering,

says, *as to so much of the complaint as seeks to charge the defendant with the loss on bonds mentioned therein, upon the sale thereof,* that heretofore, to-wit, at the *October* term, 1856, of the *Marion* Circuit Court, the plaintiff impleaded the defendant in a certain civil cause then in the same court pending, upon the same cause of action mentioned in the introductory part of this paragraph, and such proceedings were thereupon, then and there, had, in said court, that afterward, at the same term, it was, in said cause, considered by said court, that said plaintiff should take nothing by his suit, and that the defendant should recover his costs and charges by him about his defense in that behalf laid out and expended; all which by the record of that cause in said court remaining at large appears, a copy of which record is herewith filed, marked 'A.' And the defendant avers that said judgment was rendered on the same supposed cause of action mentioned in the introductory part of this paragraph, *and as to the residue of said complaint, the defendant denies the same.*"

The record made and exhibited, so far as the same is material in the consideration of the case in judgment, will be found stated in the case of *Wilson* v. *Ray,* 13 Ind. 1, in this court, at its *May* term, 1859.

The final judgment in that case was on a demurrer *to an answer,* setting up the statute of frauds.

In the case at bar, there was a demurrer overruled to the paragraph of the answer above set forth, and the plaintiff replied by a general denial. By agreement of the parties, the issues thus formed were submitted to the court; finding for the defendant; motion for a new trial overruled.

The evidence is in the record, and consists of the *record* of the prior suit, and the testimony of *Ray,* the defendant, who says that the matters embraced in the said *record* are the same as the matters in this suit, and that he had no other transactions with the plaintiff, out of which this suit could originate, except the matters and things embraced in the former suit.

It is claimed by the counsel for the appellant that the court below erred in overruling the demurrer to the foregoing paragraph of the answer, and in finding for the defendant on the trial of the issues thereon.

We are very clear that the former judgment is a bar to so much of the complaint at least *as seeks merely to charge the defendant with loss on the bonds,* and the residue of the complaint was *denied,* and it was for the plaintiff, and not the defendant, to show the truth of the allegations beyond the claim for such loss.

The issues were fully sustained on the part of the defendant, and the plaintiff offered no evidence.

It is contended that the plaintiff misconceived his cause of action in the former suit, and was beaten for his blunder; and that the judgment on demurrer is no bar to the subsequent proceedings now in judgment, and we are referred to the case of *Stevens* v. *Dunbar,* 1 Blackf. 56, in this court.

In that cause, the judgment relied on as a bar was rendered in favor of the defendant upon a demurrer to the *declaration.*  In such a case, in the nature of things, the judgment could not be a bar to a subsequent suit, founded on a *good* complaint, for therein would be the difference between the former and latter action.  But a judgment on a demurrer to a good defense, in favor of the party pleading it, is a bar to a subsequent suit for the same cause of action, for the plaintiff, by his demurrer, admits of record the truth of the answer.  *Mr. Chitty* says: "If the plaintiff demur to the plea in bar upon the merits, and such plea be sufficient, in that case also no second action can be commenced." 1 Chitty's Pleadings, 198.

The question of *the loss on the bonds* was directly involved in the prior action, and that there is new matter introduced into the present suit, denied by the answer, does not prevent the bar, to the extent of the points involved in the former case, unless the new matter was proved on the trial.  *Doty* v. *Brown,* 4 Comstock, 71; *White* v. *Coatsworth,* 2 Selden, 137; *Castle* v. *Noyes,* 4 Kernan, 329.

It is by no means clear, however, that the complaint in the former action did not charge a partnership; the agreement was one to share *in profit and loss.* The point was not ruled by this court in the former case. Mr. Justice WORDEN, in delivering the opinion, says: "Admitting that the contract amounted to one of partnership between the parties, (a point which we by no means decide,) still it is not perceived why that should take the case out of the statute. The language of the statute covers contracts of partnership as well as any other, and if they are not to be performed within a year, we think no action can be maintained upon them unless they are in writing."

The learned counsel for the plaintiff, in their brief in that case, say: "Will it be said that there was no partnership, because there was no joint interest in the property, but only in the profits and loss? We answer in the language of *Chitty,* 'that the right to participate in profits, and the liability to contribute to losses, create a partnership, however unequal the shares may be, and although one party has no direct interest in the capital of the firm.' Chitty on Cont., 213."

Mr. STORY, in his work on Contracts, states the rule thus: "§ 203. Wherever there is both a community of interest in the capital stock, and in the net profits, the contract of partnership is created so as to bind the partners. It is not, however, necessary that both of these circumstances should concur, in order to constitute a partnership; for even if the whole capital stock be the exclusive property of one of the parties, yet if there be a community of *profit and loss,* the parties will be partners."

But, without intending to decide whether the facts charged in the former complaint constituted the plaintiff and defendant partners, as between themselves, it is clear that the plaintiff under such facts had the right to compel the defendant to account for the loss. *Per Vice Chancellor in Atwater* v. *Fowler,* 1 Edwards Ch. Rep. 417. It is not clear that the complaint in the case at bar charges a community of interest

in the bonds in the plaintiff and defendant. Taking all the allegations together, it might fairly be inferred that the bonds were placed in the hands of *Ray* only for their sale, as the agent of *Wilson;* but however this may be, it in no way affects the question ruled in this opinion.

The judgment is affirmed, with costs.

RAY, J., was absent.

*J. L. Ketcham, McDonald & Roache,* for appellant.

*J. Morrison, T. A. Hendricks* and *O. B. Hord,* for appellee.