HAX et al. *v.* LEIS.

PRACTICE — *former adjudication must be pleaded.* Upon motion to dismiss the writ of error, this court cannot determine that the judgment was affirmed on appeal. The former adjudication should be pleaded.

APPEAL — *effect of dismissal upon the judgment.* If an appeal is dismissed for the reason that the appeal bond was not filed within the time fixed by the district court, this will not operate to affirm the judgment, and a writ of error may be prosecuted to reverse the same judgment.

*Error to District Court, Arapahoe County.*

UPON motion to dismiss the writ of error.

Mr. S. E. BROWNE, in support of the motion.

Messrs. CHARLES & ELBERT, contra.

BELFORD, J. The motion made in this case by the defendant, to dismiss the writ of error, has been carefully considered, and we have reached the conclusion that the same cannot be entertained. The ground upon which this motion rests is, that at the July term of the supreme court, A. D. 1869, this cause was pending in this court on appeal. That, on the thirteenth day of that month, the court, on motion of George Leis, dismissed the appeal, and made the following entry of the order on the journal : "It is ordered by the

court that the appeal herein be dismissed without day, and that said appellee recover of and from the said appellants the sum of      dollars and      cents for his costs and charges paid out and expended in his defense in this behalf," etc. It is claimed, that the action of the supreme court in dismissing said appeal operated as a bar to any subsequent proceeding, either by appeal or writ of error. That the dismissal was tantamount to an adjudication on the merits and that the doctrine of *res adjudicata* must obtain. If this objection was tenable and the dismissal entitled to be regarded as a bar to subsequent proceedings, and did amount to an affirmance of the judgment below, still it is not raised in the proper way. It must be done by plea and not by motion. We are not at liberty to presume that an appeal was taken and dismissed. True, the fact could be ascertained by an inspection of the record, but the proper way to secure an examination of the record, and to take advantage of the facts recited in it, is to plead the judgment previously rendered and to use the record as evidence of it. The fact that an appeal had been taken and dismissed is an issuable fact, one capable of being affirmed on the one side and denied on the other. It is a rule universally recognized by and practiced upon in the courts below, that a party, claiming advantage of a former adjudication, must specially plead it. We do not know of a case where a different practice has been sanctioned or permitted. But we do not desire to rest our decision on this ground alone.

The courts of this country have had repeated occasions to examine the point presented and have uniformly held, that to make a dismissal of an appeal operate as an affirmance of the judgment below, and as a bar to a subsequent appeal or writ of error, the appeal must have been dismissed, not for a defective record or insufficient bond or the like, but for a failure to prosecute the appeal after it had been regularly and properly in the supreme court. In the case of *Watson* v. *Huson*, 1 Duer, 252, the supreme court of the city of New York held that a dismissal of an appeal was not an affirmance of the judgment. "A judgment," says Mr. Jus-

tice DUER, "affirmed in the court of ultimate jurisdiction, can never again be questioned," and if the effect of the dismission of the appeal was to preclude any further examination or impeachment of the judgment, it might reasonably be contended that the averment in the complaint, that the judgment was affirmed, is sustained by the admitted fact that the appeal was dismissed, and the learned justice observed that to affirm a judgment was to declare by a judicial sentence of the appellate court its validity, and that it was a legal solecism to say that a judgment had been affirmed, when the question of its validity was exactly that which the appellate court refused to consider. In *Karth* v. *Light*, 15 California, 326, FIELD, C. J., delivering the opin- ion of the court, says : "The cases in which the dismissal of an appeal will not operate as a bar to a second appeal are those when the dismissal has been made upon some technical defect in the notice of the appeal, or the undertaking, or the like. The bar applies when the dismissal is for want of prosecution, and the order is not vacated during the term, or the dismissal is on the merits." How stands the case before this court? It is conceded that the appeal bond was not filed within the time prescribed by the court, and the appeal was dismissed for that reason. It had never been perfected. There was really no case before the appellate court for trial. The appeal was simply void. The condition necessary to vitalize it was wanting, the bond not having been filed in time. In the case of the *United States* v. *Juan de Pacheco*, 20 How. 263, TANEY, C. J., in delivering the opinion of the court, says : "It is proper, however, to add, in order to prevent mistake on this subject, that the only effect of docketing and dismissing an appeal under this rule is to enable the party to proceed to execute his judgment in the court below. It removes the bar to further proceedings in that court which the appeal created, and does nothing more, and after the case has been docketed and dismissed, the party against whom the decree was rendered may still, at any time within five years from the date of the decree, take a new appeal in the inferior court."

And again, on page 264, he remarks further : " It follows from what we have said, although the case before us must be docketed and dismissed, yet this will not prevent the United States from filing a transcript at the present term, and docketing the case for argument, if they can show that the delay has not arisen from any fault or negligence on their part, and if they fail to do so, they may yet take another appeal at any time within five years, and bring here the decree of the district court for examination and reversion," and to the same effect will be found the case of the *United States* v. *Gomez*, 23 How. 327. It may be proper for us here to inquire as to the effect of a dismissal of an appeal on the rights of a party interested in the bond. We are of the opinion that the dismissal of an appeal for any reason entitles the appellee to have suit on the bond. The very object in exacting a bond is to guard against delay, etc., and to afford to the appellee compensation for a failure to enjoy and reap the immediate fruits of the judgment he has obtained. The covenant is, that the obligor will prosecute his appeal with due diligence. If he fails to file his transcript in time, or neglects to perform any duty requisite and essential to place his case properly before the supreme court, so that the cause can be heard, he is guilty of a breach of his obligation, and the appellee is entitled to an immediate action to recover whatever damages he has sustained by reason of such failure. A different interpretation of the law would lead to fraud and injustice, subjecting creditors in many instances to the entire loss of their debts. Appeals would be taken without an expectation of successful prosecution by principals, and the bonds entered into by sureties without the fear of responsibility. *Harrison,* etc. v. *Bank of Kentucky*, 3 J. J. Marsh. 376.

While we are of the opinion that when an appeal regularly taken is dismissed for want of prosecution, the dismissal operates as an affirmance of the judgment below, and a second appeal cannot be allowed, unless during the term or before the remittitur has gone out, the order of dismissal is vacated and the cause re-instated. *Chamberlin* v. *Reed*, 16

Cal. 209. Still, we cannot sanction the doctrine that a dismissal for the failure to file a proper bond has that effect, and hence we are compelled to overrule the motion made to dismiss this writ of error.

*Motion denied.*