# REPORTS OF CASES

### DETERMINED IN

# THE SUPREME COURT

#### OF THE

## STATE OF NEVADA.

## JANUARY TERM, 1877.

---

[No. 744.]

### STATE OF NEVADA EX REL. E. TWADDLE *v.* BOARD OF COUNTY COMMISSIONERS OF WASHOE COUNTY.

ROADS AND HIGHWAYS—JURISDICTION OF COUNTY COMMISSIONERS.—Where the board of county commissioners closed a public road upon a petition signed by only fourteen persons, the petition being silent as to the number of legal voters in the county, and the statute requiring the signature of twenty-four freeholders in counties containing one hundred or more legal voters: *Held*, that the action of the board was in excess of its powers and completely null and void.

JUDGMENT IN BAR MUST BE PLEAD.—Where it is claimed that a former judgment is a bar, it must be plead.

CERTIORARI—JUDGMENT OF DISTRICT COURT WHEN NOT A BAR.— In an application made to the district court for a writ of certiorari, petitioner averred that the petition to the commissioners to vacate the highway "had been signed by fourteen freeholders;" and in his application to this court stated that his petition was signed "by no more than fourteen freeholders:" *Held*, that this difference is material, and that the judgment of the district court dismissing the application is no bar to this proceeding.

APPLICATION-to the supreme court for a writ of certiorari. The facts are stated in the opinion.

VOL. XII.—2                                  ( 17 )

*Robert M. Clarke,* for Relator:

I. The objection that the case was before adjudicated cannot be considered, and the evidence offered to support the objection cannot be received, because there is no plea, and because the evidence offered is insufficient.

II. The refusal of the district court to issue the writ upon a petition substantially, though not exactly, like that filed in this case, cannot bar the right of this court to pass judgment upon the merits, "affirming, or annulling or modifying the proceedings below."

III. The jurisdiction of the respondent to vacate a "public highway" is special and limited, and must affirmatively appear. (*Waitz* v. *Ormsby County,* 1 Nev. 370; *Swift* v. *Commissioners of Ormsby County,* 6 Nev. 95; *Hess* v. *Commissioners of Washoe County,* 6 Nev. 104.)

IV. The proceedings had by the respondents fail to show jurisdiction, either under the act of March 9, 1866 (Stat. 1866, page 252, sec. 6), or the act of March 15, 1875 (Stat. 1875, page 161, sec. 10).

*H. B. Cossit, District Attorney of Washoe County, and W. M. Boardman,* for Respondent:

I. Petitioner having applied to the district court for a writ of certiorari, must seek his remedy by appeal. (1 Comp. L. 1506.)

II. The judgment of a court of concurrent jurisdiction directly upon the point, is, as a plea in bar or evidence, conclusive between the same parties upon the same matter directly in question in another court. (*Gardner* v. *Buckbee,* 3 Cowen, 120; *Burt* v. *Sternburgh,* 4 Cowen, 559; 12 Mellville, 399; 2 Barb. 586; *Simpson* v. *Hart,* 1 John. Ch. 91.)

III. The supreme court will issue the writ of certiorari only in the exercise of its appellate jurisdiction. (Art. 6, sec. 4, of Constitution of Nevada; *People* v. *Turner,* 1 Cal. 145; *Peacock* v. *Leonard,* 8 Nev. 250.)

By the Court, BEATTY, J.:

This is an original proceeding upon certiorari instituted for the purpose of obtaining a review of the action of the

commissioners of Washoe county in vacating a certain high-way.

The petition filed in this court shows that the relator is injuriously affected by the closing of the road, and avers that the order was made upon the petition of only fourteen persons in a county containing more than one hundred legal voters. The return to the writ shows that the petition was signed by only fourteen persons, and is silent as to the number of legal voters in the county. As the jurisdiction of the board to make the order complained of must be affirmatively shown (6 Nev. 95; Id. 104; 5 Nev. 317; 9 Nev. 360), it must be presumed that the county of Washoe did contain more than one hundred legal voters, and, consequently, that the petition upon which the board assumed to act was insufficient to authorize their proceedings; for the only law in force at the date when the petition was filed and the order made, required the signatures of twenty-four freeholders, in counties containing one hundred or more legal voters, to any petition to vacate a highway. (Stat. 1866, 252, sec. 5.) That the action of the board was in excess of its powers and completely null and void, admits of no doubt. But the respondents contend that this proceeding is barred in this case by the judgment of the district court of Washoe county in a similar proceeding formerly commenced in that court. The manner in which this point is raised does not entitle it to be considered upon its merits, if it had any. There is no plea of former judgment. But, waiving that objection to its consideration, it is clear that the evidence would not have supported such a plea. It appears that the district court refused to issue the writ, and dismissed the application. Nothing was adjudicated in the district court, so far as appears, except that the petition filed there was insufficient to authorize the issuance of the writ. But the petition filed in this case contains a material averment that was not contained in the petition to the district court. In this case, it is averred that the petition to the board of commissioners to vacate the highway was signed by no more than fourteen freeholders, while in the district court it was only alleged that the petition had been

signed by fourteen freeholders, without the addition of the words "and no more." This difference is material, and consequently the judgment in the proceeding in the district court is no bar to this proceeding, in which the petition is conceded to be sufficient. (47 Cal. 32; 2 Metcalfe, Ky. 544; 1 A. K. Marshall, 237; 24 Ind. 156.)

The order of the board of commissioners of Washoe county, dated March 1, 1875, vacating a certain highway commencing at the Virginia and Truckee railroad, in Washoe valley, and running through lands of E. Owens and Joseph Frey to the upper county road, is declared and adjudged to be null and void, and the relator will have judgment for his costs herein expended.