[Civ. No. 1068.   Second Appellate District.—March 4, 1912.]

C. P. SCHERMERHORN, Administrator With Will Annexed of Estate of E. B. OSBORNE, Deceased, Substituted for E. B. OSBORNE, Respondent, v. LOS ANGELES PACIFIC RAILROAD COMPANY OF CALIFORNIA, a Corporation, Appellant.

NEGLIGENCE—COLLISION OF AUTOMOBILE WITH CAR—ACTION FOR PERSONAL INJURIES—PRIOR RECOVERY FOR INJURY TO AUTOMOBILE NOT A BAR.—An action to recover damages for personal injuries resulting from the negligent collision of defendant's railroad car with plaintiff's automobile, in which he was riding at the time of the collision, is not barred or affected by the recovery in a prior action for damages to plaintiff's automobile, resulting from the same collision. Where damage has been caused to the person and property of the plaintiff by the same tortious act of the defendant, separate actions may be brought for the injury so resulting.

ID.—PLEADING—JOINDER OF CAUSES OF ACTION—INJURIES TO PERSON AND PROPERTY—CONSTRUCTION OF CODE PROVISION.—A plaintiff, under section 427 of the Code of Civil Procedure, may unite several causes of action, where they all arise out of injuries to the person, or where they all arise out of injuries to property, and it is expressly provided in such section that the "causes of action so united must all belong to one only of these classes." It has been held, in construing such code provision, that causes of

action for damages to person and property, based upon a forcible trespass as the wrongful cause, could not be united in one action.

Id.—Prior Adjudication—Failure to Plead Defense—Waiver of Objection.—It is another sufficient answer to the objection that the cause of action for personal injuries is barred by the prior recovery of damages resulting to the plaintiff's automobile from the same negligence herein alleged, that no plea of any prior adjudication is raised in the answer of the defendant. It was incumbent upon the defendant, if intending to rely upon such prior adjudication as a bar to any recovery in this action, to plead that defense in his answer, and the objection is waived by his failure so to do.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, and W. R. Millar, for Appellant.

John M. York, for Respondent.

JAMES, J.—Plaintiff in this action suffered personal injuries through the occurrence of a collision between an automobile in which he was riding and a car of defendant company. He brought a separate action to recover damages sustained by reason of the injury to his automobile, in which judgment was rendered in the sum of $700. This action, being one to recover for the personal injuries suffered, came to trial after judgment had been rendered and satisfied in the first-mentioned cause. In the course of the trial of this action the plaintiff offered in evidence the judgment-roll in the other action referred to for the purpose of showing an adjudication of some of the facts involved in the cause then on trial, which evidence was admitted by the court. The jury found that plaintiff had been damaged in his person in the sum of $6,000, and judgment was entered accordingly. On this appeal but one point is made in support of the contention of appellant that a reversal should be ordered: It is insisted that where damage has been caused to the person and property of an individual by the same tortious act committed by another, separate actions cannot be brought to recover the different damages so resulting, and that as it appeared in this

action that plaintiff had recovered judgment, which had been satisfied, as to the injury suffered by damage to his automobile, he was barred from any further recovery on account of damages of any kind which may have been caused him by the same negligent act of defendant.   There are two very conclusive answers to be made to this contention: First, it is expressly provided by section 427 of the Code of Civil Procedure that the plaintiff may unite several causes of action, where they arise out of "6th, injuries to person, 7th, injuries to property"; and "the causes of action so united must all belong to one only of these classes."   In construing this provision of the code, it has been held that causes of action for damages to person and property, based upon a forcible trespass as the wrongful cause, could not be united in one action.   (*Lamb* v. *Harbaugh,* 105 Cal. 680, [39 Pac. 56].)   The case of *Thelin* v. *Stewart,* 100 Cal. 372, [34 Pac. 861], is also in point.   The second answer that may be made to the contention of appellant is that nowhere in the course of the proceeding had in the trial court was the objection which is here made raised.   It was incumbent upon the defendant, if it intended to rely upon the adjudication of the claim for damages caused to the automobile of plaintiff as a bar to a recovery here, to have pleaded that defense in its answer.   This it did not do.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 3, 1912, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 3, 1912.