[Civ. No. 1453. First Appellate District.—January 25, 1915.]

## MARGARET SCHUDEL, Respondent, v. ANNA HELBING, Appellant.

ACTION FOR MALICIOUS PROSECUTION—WRONGFUL MAINTENANCE OF AT-TACHMENT SUITS FOR RENT—FORMER JUDGMENT IN EQUITY SUIT—FAILURE TO PLEAD—WAIVER.—The failure of the defendant in an action for damages for malicious prosecution of certain attachment suits for rent to plead a judgment in a former suit in equity to enjoin the prosecution of said suits, in which no damages were asked or allowed, as a bar, constitutes a waiver of such defense.

ID.—SUIT TO ENJOIN ATTACHMENT ACTIONS—SUBSEQUENT ACTION FOR MALICIOUS PROSECUTION—WHEN FORMER JUDGMENT NOT A BAR.—A judgment obtained in a suit in equity to compel the specific per-formance of a contract for a lease and to restrain the lessor from instituting and prosecuting successive attachment suits for an in-creased rental in an attempted repudiation of the contract, is not a bar to a subsequent action for damages for malicious prosecution of such attachment suits.

ID.—FORM OF VERDICT—SEPARATE COUNTS—WAIVER OF OBJECTION.—An objection in such a case in which there were five counts, that the verdict was against law because it was in the form of a general verdict, should have been made as to the first four counts when the verdict was rendered, it not being contended that as to any one of these the verdict was improper; and where the court did not permit the plaintiff to introduce any evidence in support of the fifth count and no evidence was presented on it, and the jury was instructed to eliminate it from further consideration and disregard it in their verdict, there is no presumption that the verdict was based in any degree upon that count, and defendant was not injured in not having a separate finding or verdict upon it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order deny-ing a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Otto tum Suden, and tum Suden & tum Suden, for Ap-pellant.

Aitken & Aitken, for Respondent.

THE COURT.—This is an action brought to recover dam-ages for the malicious prosecution of certain civil suits against

the plaintiff maintained or instigated by the defendant herein. The facts out of which said suits arose were these: In the year 1906 the plaintiff herein rented from the defendant herein certain premises through Louis Helbing, the defendant's father and agent, the agreement being that a written lease of the premises at a rental of thirty dollars per month for a three-year term was to be drawn up and executed. After the plaintiff herein had gone into possession of said premises and had incurred considerable expense in fitting them up, the defendant herein undertook to repudiate the acts of her father and agent, and raised the rent to sixty dollars a month, and this not being paid she caused to be instituted four successive attachment suits against plaintiff herein to recover said increased rental, and was engaged in prosecuting these to the great damage, annoyance, and injury of the plaintiff herein, whereupon the latter began a suit in equity to enjoin the further prosecution of said actions, and to compel a specific performance of the agreement for a lease of said premises. In her complaint in said equitable action the plaintiff averred that she was being and would be greatly damaged and injured by the further maintenance of said civil actions, but did not specifically allege or pray for or prove or receive judgment for any such damages in said equity suit. She did, however, recover a judgment in her favor enjoining the defendant herein from further maintaining or prosecuting said civil actions, and for the specific performance of her contract for a lease. After the entry of this judgment in the equity suit plaintiff commenced the present action for malicious prosecution of said four civil suits by the defendant, and also for the malicious filing and prosecution of a cross-demand by the defendant in the equity case involving the gist of said civil suits. The defendant by her answer in this case specifically denied that the plaintiff had suffered any of her alleged damages by reason of the defendant's malicious prosecution of her former suits, or by reason of the presentation of her cross-demand in the equity case; but the defendant did not in her answer herein present, either in form or substance, a plea in bar; that is to say, she did not plead that the plaintiff in this action was barred from maintaining it by the fact of the former adjudication. Notwithstanding this it is the main contention of the appellant here that the former suit in equity

of the plaintiff and the judgment rendered therein were and are a bar to the present action.

We cannot give our support to this contention for two reasons: The first is that if the defendant intended to rely on the judgment in the former action as a bar to the present one she should have presented a plea to that effect in her answer herein; and her failure to do so must be held to constitute a waiver of that defense (Code Civ. Proc. sec. 434; *Schermerhorn* v. *Los Angeles Pac. R. Co.*, 18 Cal. App. 454 [123 Pac. 351]). The second and more substantial reason is that the institution and prosecution to judgment of the equity case by plaintiff did not in our opinion operate as a bar to the present action. The former action was a suit in equity to compel the specific performance of a contract for a lease, and to restrain the defendant therein from maintaining certain civil suits based upon the attempted repudiation of said contract. The averment in that case of the plaintiff's present and impending damage arising and likely to arise from the further prosecution of said suits was merely incidental to the main relief sought. The plaintiff in that action could not have joined the present action for the malicious prosecution of said former suits on the part of the defendant for obvious reasons, the chief of which is that a cause of action for the malicious prosecution of other suits cannot arise until the determination of said suits alleged to be maliciously maintained. This condition did not exist until the judgment in the suit in equity had put an end to the further maintenance of said former actions. It is plain, therefore, that the institution of that suit and the judgment obtained therein could not constitute a bar to the present action.

The only other point made by the appellant is that the verdict is against law, because it is in the form of a general verdict in a case in which there are five separate counts. As to the first four counts it may be said that the objection should have been made when the verdict was rendered unless it can be shown that as to any one of these counts it would be an improper verdict. There is no such contention here. The appellant, however, claims that she was entitled to have the jury return a verdict in her favor upon the fifth count or cause of action. The record in that respect, however, shows that the court did not permit the plaintiff to introduce any evidence in support of that count in her complaint; nor

was there any such evidence presented in the case; and the court expressly charged the jury that the fifth count was to be eliminated from further consideration, and that they were to disregard it in their verdict. Under these circumstances there can be no presumption that the verdict of the jury was based in any degree upon that count, or that the defendant could in any way have been injured by the fact that no separate finding or verdict of the jury was made upon it.

We discover no error in the record.

The judgment and order are affirmed.