[No. 2492]

# ROBERT E. VICKERS, APPELLANT, *v.* VICTORIA T. VICKERS, RESPONDENT.

[199 Pac. 79; 202 Pac. 32]

1. MOTIONS—JUDGE MAY RULE ON EFFECT OF FORMER DECREE ON MOTION FOR JUDGMENT ON PLEADINGS, THOUGH ONCE CONSIDERED ON MOTION TO DISMISS.

   In a divorce suit where one district judge expressly refused to determine the force of the decree of another state court upon motion to dismiss, another district judge, upon a later motion for judgment on the pleadings, was not deprived of jurisdiction to determine the question by district court rule 11, par. 4; providing that no motion once heard and disposed of shall be renewed in the same cause nor shall the same matters therein embraced, except on leave of court granted upon motion and notice to the adverse parties.

2. JUDGMENT—OBJECTION OF PRIOR DETERMINATION BY ANOTHER JUDGE CANNOT BE RAISED ON MOTION TO VACATE JUDGMENT ON PLEADINGS.

   The objection that a question, presented upon motion for judgment on the pleadings, had been previously determined by another judge upon denial of a motion to dismiss and thereby foreclosed under district court rule 11, par. 4, should have been made when the motion for judgment on the pleadings was made, and could not be raised on motion to vacate the judgment on the pleadings on the ground that the court had no jurisdiction to enter it because the same matter had been heard and determined by the other judge who denied the motion to dismiss.

## ON PETITION FOR REHEARING

1. JUDGMENT — ADJUDICATION OF AN ISSUE DOES NOT DEPRIVE COURT OF JURISDICTION TO AGAIN ADJUDICATE IT.

   The mere fact that an issue has been once adjudicated does not oust the same or any other court of jurisdiction to hear and determine it again, since the defense of former adjudication is new matter which must be pleaded if an opportunity is afforded to do so, or, if no opportunity is afforded, must be presented by way of competent evidence when the issue is in process of adjudication a second time; and if the defense is not so presented, the court has jurisdiction to enter a binding judgment not open to attack by way of a motion to set it aside on the ground of former adjudication.

2. JUDGMENT — ANSWER HELD TO SUFFICIENTLY PLEAD FORMER ADJUDICATION.

   In divorce suit on ground of cruelty, answer alleging that plaintiff defended a previous action against him by defendant for separate maintenance on the ground of cruelty, and alleged in answer in such action the same matters to

constitute cruelty as were alleged in his complaint in the divorce action, and that defendant had been given decree in her former action, *held* to raise issue as to former adjudication, notwithstanding failure to incorporate in the answer the pleadings, proceedings, and decree in the former action.

APPEAL from Second Judicial District Court, Washoe County; *Edward F. Lunsford,* Judge.

Divorce suit by Robert E. Vickers against Victoria T. Vickers. From order refusing to set aside judgment for defendant, plaintiff appeals. **Affirmed. Petition for rehearing denied.**

*H. V. Morehouse, James Glynn,* and *Platt & Sanford,* for Appellant:

The trial court is without jurisdiction to pass upon an order previously made by a court of coordinate jurisdiction, if such order affect a substantial right. Silver & Co. v. Waterman, 111 N. Y. S. 456; Heischober v. Polishook, 136 N. Y. S. 567; Sloan v. Beard, 110 N. Y. S. 1; Blaustein v. Lyon, 132 N. Y. S. 387. The identical facts were before the court by the renewed motion as when the motion was originally made. It is immaterial whether the renewed motion was urged after additional pleadings had been filed, or were made upon new papers. The test is as to whether the facts themselves have been changed. "The new matter which will alone justify renewal of a motion without leave must be something which has happened, or for the first time come to the knowledge of the party moving, since the decision of the former motion." 14 Ency. Pl. & Pr., p. 182. "The new motion is the same as the old motion if the relief demanded is the same; and it is not made upon new facts merely because made on new papers." Goldenberg v. Adler, 123 N. Y. S. 387.

*Cheney, Downer, Price & Hawkins,* for Respondent.

By the Court, COLEMAN, J.:

This is an appeal from an order entered after judgment on the pleadings in favor of the defendant. The respondent in this case brought a separate maintenance

suit (see Vickers v. Vickers [No. 2488] 45 Nev. 272, in the circuit court of West Virginia, alleging as a ground therefor desertion. To the complaint in that action Dr. Vickers, the appellant, filed an answer denying the matter alleged in the complaint, and charged the plaintiff, Mrs. Vickers, with cruelty. The case having been heard and submitted, the court entered a decree in favor of Mrs. Vickers for separate maintenance.

Subsequent to the institution of this action in the district court of Washoe County by Dr. Vickers, Mrs. Vickers filed what she termed a special appearance, wherein she moved to quash the summons issued in this suit, to quash the service thereof, to stay all proceedings, to strike the complaint from the files, and to dismiss the action. As one of the grounds in support of the motion to dismiss, it was charged that the cause of action relied upon and alleged in the complaint was cruelty, consisting of the identical facts pleaded by Dr. Vickers in his answers in the separate-maintenance suit in West Virginia. The motion to dismiss came on for hearing before Hon. Thomas F. Moran, in department No. 1 of the district court of Washoe County, and after a full hearing he filed a written opinion in which he held that the motion to dismiss should be denied, and an order was entered accordingly.

Thereafter Mrs. Vickers filed her answer to the complaint, and, after denying the allegations of cruelty, pleaded the proceeding in the separate-maintenance suit and the decree therein as a bar to this action. A reply was filed to said answer. Upon the filing of the reply a motion for a judgment on the pleadings was filed by counsel for the defendant. This motion was heard by Judge Lunsford, in department No. 2 of said court, and upon consideration sustained, and judgment was entered by the court in favor of the defendant. After judgment on the pleadings had been entered, the plaintiff moved to set it aside upon the ground that the court had no jurisdiction to enter it, for the reason that the same matter had been heard and determined by Judge

Moran, who, as stated, denied the motion. It is from the order of Judge Lunsford thus made that this appeal is taken.

To sustain the contention urged upon the lower court and here, paragraph 4 of rule 11 of the district court is invoked. It reads:

"No motion once heard and disposed of shall be renewed in the same cause, nor shall the same matters therein embraced be reheard, unless by leave of the court granted upon motion therefor, after notice of such motion to the adverse parties."

Judge Moran, in passing upon the motion to dismiss the action, as shown by his written opinion, expressly refused to pass upon the force and effect of the decree entered in the separate maintenance suit in West Virginia, awarding Mrs. Vickers separate maintenance, which was the basis for the judgment on the pleadings which was entered by Judge Lunsford. Just why Judge Moran refused to consider the judgment of the West Virginia court in determining the motion to dismiss, we do not know, as he did not state his reason for not doing so; but he no doubt entertained the view that the only way in which a party can avail himself of a former adjudication is by way of a plea, and not by a motion to dismiss, as was held in Hax v. Leis, 1 Colo. 187. The practice of taking advantage of a former adjudication, on motion, has been expressly condemned. Coffee v. Groover, 20 Fla. 64; Majors v. Majors, 58 Miss. 806.

1, 2. But it appears that, when the motion for judgment on the pleadings was presented, it was not then insisted that the question involved had been previously urged upon Judge Moran and determined by him. From a failure so to do, we may infer that the appellant did not then consider that the identical question had been determined by Judge Moran. But, be this as it may, Judge Moran having expressly refused to determine the force of the decree of the West Virginia court upon the motion to dismiss, the contention now made

is utterly without merit.  State v. Board, 12 Nev. 17.
On the other hand, had he considered and determined
it, as it is now contended he did, we are clearly of
the opinion that by failure to raise the objection at
the time the motion for judgment on the pleadings was
heard, appellant waived any right he may have had so to
do (Schudel v. Helbing, 26 Cal. App. 410, 147 Pac. 89),
and therefore was not entitled to raise the point on
motion to vacate the judgment.

The order appealed from is affirmed.

SANDERS, C. J., concurring:

I concur.

If I clearly interpret the position of counsel for appel-
lant on this branch of his appeal, it is their contention
that the ruling of the judge presiding in department
No. 1 of the lower court on respondent's motion to quash
or dismiss the action, being predicated entirely upon
the records, proceedings, orders, and judgment of the
West Virginia courts expressly referred to and made
a part of the motions, was so conclusive as to furnish a
bar to another and further discussion of the questions,
and therefore the judge presiding in department No. 2
was without jurisdiction, power, or authority to enter-
tain the motion to render judgment on the pleadings
involving the same subject-matter as the motions to
quash or dismiss.  There is no doubt that upon reason
and policy judges in different departments of the same
court, established solely for the convenient dispatch of
business, cannot rightfully examine and reverse each
other's decisions on questions based on the same state
of facts.  To permit such clashing and intrusive inter-
ference of judges of concurrent jurisdiction would be
disastrous to the regular, orderly, and convenient
administration of justice.  But I cannot assent to the
proposition that the decision of the motions to quash
or dismiss ousted the judge presiding in department
No. 2 of jurisdiction to entertain and dispose of the
motion for judgment on the pleadings upon the princi-
ple of res adjudicata or comity.  Upon authority it

seems to me that the decision of the judge in department No. 1 was not decisive of the question raised by the motion for judgment on the pleadings. The motions to quash the summons, its service, and to dismiss the action were summary in their nature, and the decision thereon had no quality of a judgment or final order. Where the decision is rendered on a mere motion or a summary application, the parties are at liberty to raise the main issue again in any other form they choose. Bigelow on Estoppel, par. 3, p. 52. The Supreme Court of the United States, speaking to the subject in Denny v. Bennett, 128 U. S. 489, 9 Sup. Ct. 134, 32 L. Ed. 491, affirming Bennett v. Denny, 33 Minn. 530, 24 N. W. 193, approves this statement of the practice:

"It was merely a decision of a motion or summary application, which is not to be regarded in the light of res adjudicata, or as so far conclusive upon the parties as to prevent their drawing the same matters in question again in the more regular form of an action."

Aided by the opinion of the judge in department No. 1, it is clear that his ruling on the motions was not predicated upon any decision of the respondent's right to plead as a bar to the action a judgment in personam rendered in her suit for maintenance in the circuit court of Cabell County, W. Va., wherein her alleged cruelties (set up as grounds for divorce in the present action) were directly put in issue and necessary to be passed upon in rendering judgment in favor of the wife.

## ON PETITION FOR REHEARING

By the Court, COLEMAN, J.:

Counsel have filed a very earnest petition for a rehearing. It is said that it is presented in the best of good faith, and that we did not formerly pass upon some of the questions urged in the original brief. We are satisfied of the good faith of counsel, and commend them for the concise and perspicuous manner in which their contentions are presented. It may be that our former opinion did not squarely dispose of the questions urged,

though we think it did in substance. However, we take pleasure in giving serious consideration to the petition, and will again restate our views.

The first point presented is that the motion passed upon by Judge Moran is identical with that determined by Judge Lunsford, and hence the order of the former on the motion is res adjudicata, and therefore Judge Lunsford had no jurisdiction to consider and determine the same. We do not deem it necessary to decide whether the two motions are identical. We desire to say, however, that at least five motions were presented to Judge Moran, viz: (1) To quash the summons in the action; (2) to quash the service of summons; (3) to stay all proceedings; (4) to strike the complaint from the files; and (5) to dismiss the action at the cost of the plaintiff.

To sustain one or more of these motions, affidavits and certified copies of the pleadings and proceedings in the West Virginia suit were offered in evidence. Judge Moran wrote a forty-three-page opinion, wherein he expressly declined to pass upon the force and effect of the West Virginia decree, and in the concluding paragraph of his decision embodied the following order:

"For the reasons stated the motion is denied. * * * It is so ordered."

1. If we were going to determine the contention that Judge Moran's order is res adjudicata, we would have to inquire just what he determined. Counsel for appellant say that we cannot look to his opinion to ascertain what was determined; that we must confine ourselves to a consideration of the order only. But we do not deem it necessary or advisable to determine whether the identical question is raised by the motions heard by Judge Moran and the motion for judgment on the pleadings determined by Judge Lunsford. If they are not identical, the contention is without foundation; if they are, it was the duty of appellant to present the issue of res adjudicata to Judge Lunsford upon the hearing of

the motion for judgment on the pleadings. The mere fact that an issue has been once adjudicated does not oust the same or any other court of jurisdiction to hear and determine it again. This is elementary. In the code states the defense of former adjudication is new matter, which must be pleaded if an opportunity is afforded to do so (9 Ency. Pl. & Pr. 617; State v. Board, 12 Nev. 17) ; and if no such opportunity is afforded, such defense must be presented by way of competent evidence, when the issue is in process of adjudication the second time; and if this is not done, the court has jurisdiction to enter a binding judgment thereupon—one that will not be open to attack by way of a motion to set it aside on the ground of former adjudication, for want of jurisdiction to enter it. Any other rule would lead to intolerable evils. If this were not the law, there would be no necessity, in any case, to plead former adjudication, since the judgment, being void for want of jurisdiction, could be set aside at any time.

What we have said should dispose of the contention that Judge Lunsford had not jurisdiction in the matter.

2. It is said that the West Virginia judgment was never properly before the district court, for the reason that it cannot be successfully urged that the decree in that court disposed of the identical matter contained in the complaint in this action, since the pleadings, proceedings, and decree in the West Virginia suit were not incorporated in or made a part of the answer in this suit. Without deciding whether the pleadings, proceedings and decree were made a part of the answer in this case, we may say that it was not necessary that they should have been. The West Virginia suit was one brought by Mrs. Vickers for separate maintenance, on the ground of her abandonment by Dr. Vickers. The answer in this case alleges that in that action Dr. Vickers, the plaintiff herein, filed an answer wherein he defended upon the ground of cruelty, alleging the same matters to constitute cruelty as are alleged by him to

constitute cruelty as a ground for his divorce in this
action, and that, upon the trial of the issue raised by
the pleadings in the West Virginia action, the court
entered a decree in favor of Mrs. Vickers, awarding
her $250 a month as separate maintenance. To the
answer thus averring former adjudication, Dr. Vickers
filed a reply, wherein he admitted that the "same facts
and allegations" had been adjudicated in the West
Virginia suit, and that in that action a decree had been
entered in favor of Mrs. Vickers, awarding her $250 a
month separate maintenance. From the answer and
reply it thus appeared that the same issue of cruelty
relied upon by the plaintiff had been adjudicated in
favor of Mrs. Vickers. As we pointed out in Vickers v.
Vickers (No. 2488) 45 Nev. 272, under the law of West
Virginia there could have been no decree in her favor
if she had been in fault. In view of this state of the
pleadings, it was not necessary that the pleadings, pro-
ceedings, and decree in the West Virginia suit be incor-
porated in or made a part of the answer in this case.

We think we have fairly disposed of the question pre-
sented in the petition for a rehearing.

It is ordered that the petition be denied.