PICKER *v.* PICKER.

(Decided May 22, 1933.)

*Mr. Henry Hart* and *Mr. A. V. Baumann,* for plaintiff in error.

*Messrs. Young & Young,* for defendant in error.

RICHARDS, P. J. George J. Picker commenced an action in the court of common pleas of Sandusky county to secure a divorce from the defendant, Elizabeth M. Picker, on the grounds of extreme cruelty and gross neglect of duty. Later he filed an amended petition based on the same grounds, and alleging that the wife had refused to perform her "martial" duties. The defendant filed an answer thereto. When the case came on for trial each party made a full opening statement raising certain questions of law, and there-

upon the court, on motion, accepting these statements as evidence, rendered a judgment for the defendant dismissing the petition. A bill of exceptions has been taken setting forth all the evidence, including the statements of counsel received as evidence.

The contention of the defendant is that even if the plaintiff had a cause of action against her for divorce, which she denies, it has become *res judicata*. The facts relating to that question are not in controversy. It appears from the record that the parties had resided in Huron county, in which county the wife sued her husband on October 31, 1929, for alimony, based upon the claim that a separation existed between the parties because of the misconduct of the husband. The husband established a residence in Sandusky county, and on November 20, 1930, commenced an action for divorce against his wife, being the action out of which this proceeding in error grows. He filed an answer in the alimony case in Huron county, and on trial of that case the court found that the wife was entitled to relief, as prayed for in her petition, and ordered and adjudged that the husband pay to her the sum of $5 per week for alimony, which was made a lien upon certain real estate in the city of Norwalk in which he had an interest. That judgment was rendered on April 11, 1931. On February 1, 1932, the husband filed his amended petition in his action for divorce in Sandusky county, and it was on this amended petition and the answer thereto that the divorce case was tried. In the latter case the wife, in her answer, in addition to denying the allegations of the amended petition, made proper averments setting up the alimony action brought in Huron county, the jurisdiction of the court in that county over the parties, and the judgment of that court finding that the wife was entitled to alimony, and awarding the same.

The case is one which involves a very interesting question as to the applicability of the doctrine of *res*

*judicata* of a judgment awarding alimony against the husband, after which he brings suit for divorce against his wife, based upon similar delinquencies. Unquestionably the husband could have filed an answer and cross-petition in the alimony case asserting such grounds of divorce as he had, if any. He chose, instead of so doing, to bring a new action in Sandusky county, seeking such relief. In 14 Ohio Jurisprudence, 408, Section 27, the rule is stated as follows: "The fact that matters of fact, upon which the plaintiff's right to a divorce is predicated, have been determined against him in a prior action against him by the defendant for alimony, constitutes a good defense to an action for a divorce, in so far as it is based upon the matters so determined."

The two cases relied on for the statement are *Condon* v. *Condon,* 8 Ohio App., 189, and *Hanover* v. *Hanover,* 34 Ohio App., 483, 171 N. E., 350. The latter case was heard by this court and involved, among other things, a question of *res judicata* between two actions for divorce. In the case of *Fessenden* v. *Fessenden,* 28 O. L. R., 407, the Court of Appeals held that a prior judgment for alimony against the husband was a bar to a subsequent action for divorce brought by him in another county.

The question of the bar of a judgment for maintenance when a subsequent suit is brought by the husband for divorce was determined against the contention of the husband in the case of *Harding* v. *Harding,* 198 U. S., 317, 25 S. Ct., 679, 49 L. Ed., 1066. In that case the wife had sued the husband in Illinois for support and maintenance, based on the charges of cruelty and adultery, and contending that she was without fault. In that case the judgment was rendered in favor of the wife. Thereafter the husband removed to California where he brought an action for divorce on the ground of desertion, and the wife pleaded the judgment in the Illinois court as an estoppel. The Supreme

Court of California (140 Cal., 690, 74 P., 284) ruled that the prior judgment was not a bar, whereupon the case was taken to the Supreme Court of the United States where the judgment of the California court was reversed, the Supreme Court of the United States holding that the issues in the Illinois case and the California case were practically the same, and that the Illinois judgment awarding alimony to the wife was an estoppel in the suit for divorce subsequently brought by the husband.

The specific question under consideration was involved in the case of *Vickers* v. *Vickers,* decided in the Supreme Court of West Virginia and reported in 95 W. Va., 323, 122 S. E., 279, 41 A. L. R., 266. In that case a wife had brought an action for maintenance, and the husband defended the action on the ground of cruelty; a final decree, however, being entered in the wife's favor. Thereafter the husband brought an action against the wife in another state, based upon charges of cruelty and desertion, and the court held that the judgment in the maintenance suit was *res judicata* as to the acts of cruelty alleged in the husband's suit for divorce. The general denial filed by Picker in the alimony case brought against him raised the direct issue of misconduct, ill treatment, neglect of duty and extreme cruelty between the parties, the same as if they had been specifically and affirmatively pleaded.

The parties in the case of *Vickers* v. *Vickers,* above cited, appear to have aired their marital troubles in various courts. After the award of alimony to the wife in West Virginia, the husband brought suit for divorce in Nevada, and in that case the wife set up the award of alimony to her in the courts of West Virginia, and claimed that the same was *res judicata* in the Nevada case for divorce. The decision of the Su-

preme Court of Nevada in *Vickers* v. *Vickers* is reported in 45 Nev., 274, 199 P., 76, and holds that the matters litigated in the alimony case could not be relitigated in the suit for divorce, and that these matters were *res judicata.* The case came again before the Supreme Court of Nevada and is reported in 45 Nev., 288, 202 P., 31, where the court held that a question of fact distinctly put in issue and determined by a court of competent jurisdiction as a ground of recovery or defense is conclusively settled by the final judgment or decree therein, so that it can not be further litigated in a subsequent suit between the same parties or their privies, where a proper plea is interposed, whether the second suit be for the same or a different cause of action. On rehearing, the court adhered to its earlier decision. See *Vickers* v. *Vickers*, 45 Nev., 288, 202 P., 31.

The case has often been cited with approval, notably in the case of *Silverman* v. *Silverman,* 52 Nev., 152, 283 P., 593, where the prior judgment of an Ohio court was involved.

Under the circumstances disclosed in the record, showing that the wife had prevailed and secured an award of alimony on the charges made by her, which necessarily involved finding that she was free from fault therein, we have no hesitancy in reaching the conclusion that the judgment then rendered was a bar to the subsequent action for divorce brought by the husband, averred to have been based upon extreme cruelty and gross neglect of duty claimed to have been committed before the decision of the alimony case.

We do not have before us for determination the question whether the same rule as to *res judicata* would apply if the wife had been denied alimony in her case in Huron county, and any decision now rendered on that state of facts would be *obiter dicta;* nor

are we deciding what the rule is if the wife should bring an action for divorce. We only decide the question now before us.

For the reasons given, the judgment will be affirmed.

*Judgment affirmed.*

Williams and Lloyd, JJ., concur.